160

The State, ex rel. Corron et al., Appellants, v. Wisner et al., Appellees.

(No. 70-369—Decided February 24, 1971.)

*Mr. David A. Hackenberg, Mr. Carl W. Hinton* and *Mr. John C. Sausser,* for appellants.

*Mr. Richard J. Rinebolt,* prosecuting attorney, for appellees.

WHITESIDE, J. Even though the appellants have shown that the appellees did not comply in full with the applicable

162

statutes with regard to the assessment of taxes for the year 1969 (R. C. 5715.16 and 5715.17), the initial question before this court is whether or not the appellants chose the correct remedy.

It is fundamental that a writ of mandamus will not be granted where the persons seeking the writ have an adequate remedy in the ordinary course of law including both legal and equitable remedies. See *State, ex rel. Pressley, v. Indus. Comm.* (1967), 11 Ohio St. 2d 141, the tenth paragraph of the syllabus of which is as follows:

"The Court of Appeals is governed by the same rules that govern the Supreme Court with regard to its original jurisdiction in mandamus actions. On appeal as a matter of right from a judgment from a Court of Appeals in such an action, the Supreme Court will review the judgment of the Court of Appeals, as if the action had been filed originally in this court, to determine the following questions: (a) Is the respondent under a clear legal duty to perform an official act? (b) Is there a plain and adequate remedy in the ordinary course of the law? (c) Is the action, although labeled a proceeding in mandamus, in effect an action seeking an injuncton? (d) Whether, on the question of the allowance or denial of the writ on the merits, the Court of Appeals abused its discretion."

R. C. 5715.19 provides a procedure for the filing of complaints against any valuation or assessment which appears upon the tax duplicate. Such complaint may be filed by any taxpayer with respect to his own or another's real property. Approximately 2,600 such complaints were filed with respect to the 1968 tax duplicate and were heard and determined by the Hancock County Board of Revision. There is no indication that any such complaints were filed with regard to the 1969 tax duplicate or that the Board of Revision refused to hear any such complaints, or failed to include in the 1969 tax duplicate adjustments made as a result of the complaints filed with regard to the 1968 tax duplicate.

R. C. 5715.19 afforded appellants an adequate remedy in the ordinary course of law whereby any errors or in-

equities in the valuations or assessments appearing upon the 1969 tax duplicate of Hancock County could be brought to the attention of the Board of Revision, and be heard and corrected by that board. Appellants apparently have not availed themselves of that remedy.

In this case, appellants make no contention that any overvaluation, undervaluation, discriminatory valuation, or illegal valuation exists with regard to their own properties. Furthermore, R. C. 5715.19 provides that any overvaluation, undervaluation, discriminatory valuation, or illegal valuation found to exist by the Board of Revision shall relate back to the date when the lien for taxes for the current year attached and that liability for taxes for the current year shall be based upon the valuation or assessment as finally determined by the Board of Revision following the hearing upon such complaints. R. C. 5717.01 provides for an appeal to the Board of Tax Appeals from the decision of the Board of Revision.

With regard to the failure of the county auditor to comply with statutory requirements with respect to the 1969 tax duplicate, the appellants sought in this case a restraining order enjoining the collection of the taxes. It is clear that merely seeking a writ of mandamus would not prevent the collection of taxes for the year 1969 despite the failure of the auditor to comply with statutory procedures. Apparently, it was necessary to seek a restraining order or injunction enjoining such collection to avoid having the issues mooted by collection of the taxes.

Where, as here, an action in mandamus does not provide effective relief unless accompanied by an ancillary injunction, it would appear that injunction rather than mandamus is the appropriate remedy. R. C. 2723.01 provides for an action to enjoin the illegal levy or collection of taxes to be filed in the Court of Common Pleas. Such section afforded appellants an adequate remedy with respect to their contention that the 1969 taxes were illegal because of the failure of the auditor to comply with statutory requirements.

It appears, therefore, that, inasmuch as the appel-

164

lants had an adequate remedy in the ordinary course of law, the Court of Appeals did not err in so holding and dismissing the petition in mandamus.

For those reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, STEPHENSON and LEACH, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, sitting for CORRIGAN, J.

WHITESIDE, J., of the Tenth Appellate District, sitting for STERN, J.