THE STATE, EX REL. ROLLING HILLS LOCAL SCHOOL DISTRICT BOARD OF
EDUCATION, APPELLANT, *v.* BROWN, CTY. AUDITOR, ET AL., APPELLEES.

[Cite as *State, ex rel. Rolling Hills Local School Dist.
Bd. of Edn., v. Brown* (1992), 63 Ohio St.3d 520.]

(No. 91–1339—Submitted January 21, 1992—Decided April 29, 1992.)

*Warhola, Heine & Ferguson, Andrew J. Warhola, Jr.; Warhola, O'Toole,
Loughman, Alderman & Stumphauzer* and *Kenneth S. Stumphauzer,* for
appellant.

*C. Keith Plummer,* Prosecuting Attorney, for appellee Guernsey County
Auditor.

*Teaford, Rich, Coffman & Wheeler* and *Jeffrey A. Rich,* for appellee
Cambridge City School District Board of Education.

*Per Curiam.* Appellees argue that Rolling Hills could file a complaint under R.C. 5715.19 to challenge the assessment of these parcels and, therefore, have an adequate remedy at law. Rolling Hills replies that this statute is not as broad as appellees maintain. It contends that a board of education may contest only the current value of the property under the statute. We agree with appellees.

R.C. 5713.01 authorizes the county auditor to assess all real estate in his county. Under the statute, the auditor views and appraises each lot or parcel and places the correct value of each property on his tax list and on the county treasurer's duplicate.

The auditor prepares the tax list pursuant to R.C. 319.28. On the tax list, he records, *inter alia,* all the parcels in the county, the names of their owners, and the taxing district in which each parcel is located. According to R.C. 319.30, the auditor, after receiving tax rates from the various taxing authorities, including school boards, determines the taxes to be levied on each parcel and enters this amount on the tax list. On October 1, he delivers one copy, the duplicate, to the treasurer; the treasurer collects taxes per the duplicate. R.C. 319.28 and 323.13. We conclude, after reading these statutes, that assessing real property for taxation includes assigning parcels to taxing districts and recording them accordingly on the tax list.

Moreover, the correct listing of a parcel underlies the integration of the listing function into the assessment process. The listing is important to a taxpayer because rates and, consequently, tax billings change according to the taxing district in which the property is situated. This listing is also important to the school district because the total amount of taxes it is due changes with the number of properties listed as being in its district.

Next, under R.C. 5715.19(A), a board of education of any school district with any territory in the county may file a complaint against " * * * (d) [t]he *determination of the* total valuation or *assessment of any parcel that appears on the tax list* * * *." (Emphasis added.) The county board of revision, under R.C. 5715.11, shall " * * * investigate all such complaints and may increase or decrease any such valuation or correct any assessment complained of, or it may order a reassessment by the original assessing officer." Under this authority, a school board may appeal the incorrect recording of a property on the tax list since the recording is a part of the assessment, and the board of revision has the power to correct this. Thus, Rolling Hills has an adequate remedy at law by filing a complaint with the board of revision. An appeal under R.C. 5715.19 is an adequate remedy at law, preventing the issuance of the writ. *State, ex rel. Corron, v. Wisner* (1971), 25 Ohio St.2d 160, 54 O.O.2d 281, 267 N.E.2d 308.

As to the court of appeals' finding that Rolling Hills has an adequate remedy under R.C. Chapter 2506, that chapter does not apply here because Rolling Hills has an appeal to the board of revision. R.C. 2506.01. Consequently, appeal under R.C. Chapter 2506 is not an adequate remedy at law for Rolling Hills.

Accordingly, we affirm, but for a different reason, the judgment of the court of appeals denying the writ.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

WRIGHT, J., concurs in judgment only.