OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. Walker et al. v. City of Bowling Green et al.
[Cite as State ex rel. Walker v. Bowling Green (1994),    Ohio
St. 3d     .]
Mandamus to compel city of Bowling Green to apportion ward
     boundaries such that each ward contains substantially
     equal populations -- Complaint dismissed when, mandamus is
     not the appropriate remedy.
     (No. 93-882 -- Submitted February 22, 1994 -- Decided June
1, 1994.)
     In Mandamus.
     This action is brought on relators' complaint for a writ
of mandamus, which has been filed originally in this court
pursuant to R.C. 2731.02 and Section 2(B)(1)(b), Article IV,
Ohio Constitution.  Relators, Kim A. Walker and Rodney J.
Wichman, are residents and electors of the city of Bowling
Green ("the city") and are registered to vote, respectively, in
Ward 1 and Ward 2 of the city.  Respondents are the city, the
city council and its seven members, the mayor, the municipal
administrator and the public works director.
     Since its incorporation, the city has been divided into
four wards.  This division is geographical, based on the
intersection of the two main highways that run through the
city--Main Street (State Route 25) running north and south and
Wooster Street (formerly U.S. Route 6) running east and west.
Such division continued in its original form, despite one
adjustment which expanded the boundaries of Ward 1 and
curtailed the boundaries of Ward 2, after the city was
chartered.
     City council members are elected on an at-large/ward
basis.  Three at-large council members are elected citywide and
four additional ward members are elected, one from each ward,
for a total of seven members.
     Relators, represented by Student Legal Services, Inc., at
Bowling Green State University, allege that the ward
boundaries, as currently drawn, violate the Equal Protection
Clause of the Fourteenth Amendment to the United States
Constitution.  The thrust of their complaint is that the wards
are not apportioned on a substantially equal population basis,

resulting in a dilution of their vote when compared to those who vote in the other wards.  As such, relators' votes are worth less and they are thereby underrepresented on council.

Relators demand, among other things, that this court: "(1) Issue a Writ of Mandamus compelling Respondents, with all due speed and diligence, to apportion the ward boundaries of the City of Bowling Green such that each ward contains substantially equal populations; (2) Declare that the ward boundaries for electing City Council representatives, as currently drawn, are unlawful and unconstitutional and that all future elections under this system are void."

Gregory E. Bakies and Rodney A. Fleming, for relators.
Marsh & Marsh and Michael J. Marsh, for respondents.

Alice Robie Resnick, J.  We must first determine whether mandamus is the proper remedy here.

In State ex rel. Corron v. Wisner (1971), 25 Ohio St.2d 160, 163, 54 O.O.2d 281, 283, 267 N.E.2d 308, 310-311, we stated that "[w]here, as here, an action in mandamus does not provide effective relief unless accompanied by an ancillary [preventive] injunction, it would appear that injunction rather than mandamus is the appropriate remedy."  In State ex rel. Hodges v. Taft (1992), 64 Ohio St.3d 1, 4, 591 N.E.2d 1186, 1189, we indicated that this is a corollary to the rule established in State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph four of the syllabus, that a complaint in mandamus must be dismissed for want of jurisdiction where "the substance of the allegations makes it manifest that the real object of the relator is an injunction ***."

Were this court to find the city's apportionment plan to be unconstitutional, we would "be under a clear and unmistakable duty to take such steps as will effectively accomplish the enforcement and vindication of the constitutional rights of the [relators]."  Baker v. Carr (D.C.Tenn.1962), 206 F.Supp. 341, 350.  This means that we would not render "a declaratory judgment in this case as to the validity or invalidity of the composition and apportionment of the legislature, apart from the [relators'] rights with respect to a future election or elections."  Guntert v. Richardson (1964), 47 Hawaii 662, 669, 394 P.2d 444, 448.  Thus, as the United States Supreme Court stated in the seminal case of Reynolds v. Sims (1964), 377 U.S. 533, 585, 84 S.Ct. 1362, 1393-1394, 12 L.Ed.2d 506, 541, absent special circumstances justifying the withholding of immediate relief such as where an election is imminent, "once a State's legislative apportionment scheme has been found to be unconstitutional, it would be the unusual case in which a court would be justified in not taking appropriate action to insure that no further elections are conducted under the invalid plan."  See, also, Lucas v. Forty-Fourth Gen. Assembly of Colorado (1964), 377 U.S. 713, 736, 84 S.Ct. 1459, 1473, 12 L.Ed.2d 632, 647; Rural West Tennessee African-American Affairs Council, Inc. v. McWherter (W.D.Tenn.1993), 836 F.Supp. 447, 452, affirmed Millsaps v. Langsdon (1994), 510 U.S.     , 114 S.Ct. 1183, 127 L.Ed. 2d 534, 1994 WL 11535.

It is clear that were this court to find the city's apportionment plan unconstitutional, mandamus would not provide effective relief unless accompanied by an ancillary preventive or prohibitory injunction.  Indeed, relators seek such injunctive relief by asking for a declaration "that all future elections under this system are void."  Although stated in positive language, the essence of such a request is to enjoin the city from conducting any future elections under the present apportionment system.

Accordingly, mandamus is not the appropriate remedy in this case and relators' complaint seeking such relief must be dismissed.

Complaint dismissed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents.