[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 1.]

THE STATE EX REL. SHEMO ET AL. *v.* CITY OF MAYFIELD HEIGHTS ET AL.

[Cite as *State ex rel. Shemo v. Mayfield Hts.*, 2001-Ohio-1294.]

*Municipal corporations—Zoning—Motion for expedited consideration of relator's mandamus claim to compel city of Mayfield Heights et al. to approve relators' application for road improvement plan granted— Motion for expedited consideration of relators' mandamus claim to compel appropriation proceedings denied—Peremptory writ of mandamus to compel respondents to approve relators' road improvement plans in connection with the proposed development of their property granted.*

(No. 01-1325—Submitted July 24, 2001—Decided August 8, 2001.)

IN MANDAMUS.

ON MOTION FOR EXPEDITED CONSIDERATION AND FOR PEREMPTORY WRIT.

————————————

*Per Curiam.*

{¶ 1} Relators, Michael A. Shemo, Trustee, and Larry Goldberg, Trustee, are co-owners of an undeveloped parcel of land containing approximately twenty-two acres located in respondent city of Mayfield Heights. The property was zoned U-2-A, which is a classification for cluster single-family residences. On May 16, 1996, following a lengthy trial in an action for declaratory and injunctive relief brought by relators against Mayfield Heights and other municipal defendants, the Cuyahoga County Court of Common Pleas issued an order declaring the city's U-2-A zoning classification to be unconstitutional as applied to relators' property.

{¶ 2} On September 2, 1997, the common pleas court entered a judgment incorporating its previous declaration and held that relators be "permitted to use and develop their Property generally consistent with the prepared Site Plan

proposed by Keera [*sic*] Kekst * * * introduced into evidence at trial and consistent with the terms of the recorded deed restrictions * * * and recorded access easement (Plaintiffs' Exhibit 82)." The judgment authorized relators to use the property for their proposed retail use. The site plan provides for access to the property through Maplewood Road and an access driveway from Golden Gate Boulevard.

{¶ 3} Under one of the recorded deed restrictions, "[n]o automobile traffic (except municipal law enforcement or emergency vehicles) shall be permitted to access to and from any retail building or use on the Property directly to, from or onto Maplewood Road unless and until [1] [the relators have] recorded an easement providing for automobile access to and from the Property and Golden Gate Boulevard across the retail zoned properties abutting the southerly boundary of the Property * * *, and [2] the road improvements for the Golden Gate Boulevard Access and related * * * improvements * * * have been completed." Another of the deed restrictions prohibits vehicles weighing over ten thousand pounds from accessing relators' property from Maplewood Road. Thus, once the Golden Gate Boulevard easement and access improvements have been completed, only the deed restriction regarding vehicle weight would apply to Maplewood Road.

{¶ 4} The common pleas court further ordered in its September 2, 1997 judgment entry that relators make the improvements to Golden Gate Boulevard described in their site plan, that Mayfield Heights take any and all actions to facilitate these road improvements, that the city and the other municipal defendants be enjoined from interfering with relators' proposed retail use of their property and installation of the road improvements, and that the city and the other defendants issue all approvals and permits to allow such retail development and use consistent with the court's judgment.

{¶ 5} Subsequently, on appeal, the court of appeals vacated the common pleas court judgment and remanded the cause for further determination. On further appeal to this court, we reversed the judgment of the court of appeals and reinstated

the judgment of the common pleas court. *Shemo v. Mayfield Hts.* (2000), 88 Ohio St.3d 7, 722 N.E.2d 1018 ("*Shemo I*"). In so holding, we rejected the city's contention that the common pleas court erred in failing to hold that decreasing traffic congestion is a legitimate governmental concern in part because relators "have also proposed to limit direct access from their property to the residential streets to cases of emergency only." *Id.*, 88 Ohio St.3d at 12, 722 N.E.2d at 1023. We did not, however, modify the common pleas court's judgment. *Id.*, 88 Ohio St.3d at 14, 722 N.E.2d at 1025.

**{¶ 6}** In April 2001, the committee to re-elect respondent Mayfield Heights Mayor Margaret A. Egensperger circulated a campaign flier noting that neither the city nor its residents wanted the proposed development and that the Ohio "Supreme Court Justices hold the sole blame for this fiasco." The flier also contained statements that respondents Mayor Egensperger and city council would not open Maplewood Road to through traffic except for emergency vehicles and that "only the Supreme Court can open Maplewood Road to full traffic." (Capitalization and emphasis omitted.)

**{¶ 7}** On April 16, 2001, respondent Mayfield Heights Planning Commission voted to approve a preliminary site plan in connection with relators' proposed development, but, over relators' objections, without Maplewood Road access other than for emergency purposes. At the planning commission meeting, Mayor Egensperger stated, "I have no problem opening Maplewood for emergency traffic only, but until the Supreme Court comes back and says the City of Mayfield Heights will open Maplewood, as far as I'm concerned, we will not open it."

**{¶ 8}** Relators' development plan includes a Costco Wholesale ("Costco") store that will occupy seventy-five percent of the retail space on the property. Unless respondents approve relators' road improvement plans, which include general access to the development from Maplewood Road, Costco will cancel its plans for a store on the property and relators may suffer irreparable harm.

**{¶ 9}** On April 23, the city council confirmed the decision of the planning commission. On May 7, the planning commission gave final approval to the site plan as amended to limit Maplewood Road traffic to relators' property to emergency traffic. On May 14, the city council confirmed the planning commission's final approval of the project as amended.

**{¶ 10}** On May 16, relators filed a complaint in this court against respondents, Mayfield Heights and its mayor, city council, and planning commission. Relators requested a writ of mandamus to compel respondents "to grant final approval of Relators' Road Improvement Plans [in connection with the proposed development], including unrestricted access to and from Maplewood Road except for vehicles weighing more than [ten thousand pounds], to grant all other approvals and permits necessary for the retail development of the Property," and to commence appropriation proceedings in the Cuyahoga County Common Pleas Court, Probate Division, to determine the amount of the city's alleged regulatory taking of relators' property. Relators' complaint contained a verification by relator Shemo, but Shemo did not specify in his verification that the allegations of his complaint were based on his personal knowledge. Relators also filed a motion for a peremptory writ. On May 17, relators filed a motion for expedited consideration of their motion for peremptory writ. Respondents subsequently filed a motion to dismiss, and relators filed a memorandum in opposition to the dismissal motion.

**{¶ 11}** On July 18, 2001, we dismissed without prejudice relators' mandamus action because they failed to fully comply with the affidavit requirement of S.Ct.Prac.R. X(4)(B). *State ex rel. Shemo v. Mayfield Hts.* (2001), 92 Ohio St.3d 324, 750 N.E.2d 167 ("*Shemo II*").

**{¶ 12}** On July 23, 2001, relators refiled their mandamus action, which now fully comports with S.Ct.Prac.R. X(4)(B).

**{¶ 13}** This cause is now before the court upon relators' motions for expedited consideration and for a peremptory writ.

Motion to Expedite

**{¶ 14}** We generally await a response before determining entitlement to the requested extraordinary writ. See S.Ct.Prac.R. X(5). See, also, *State ex rel. Cleveland Elec. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas* (2000), 88 Ohio St.3d 447, 449, 727 N.E.2d 900, 902. But under S.Ct.Prac.R. XIV(4)(C), we can act sooner if "the interests of justice warrant immediate consideration." See *State ex rel. Taft-O'Connor '98 v. Franklin Cty. Court of Common Pleas* (1998), 83 Ohio St.3d 487, 488, 700 N.E.2d 1232, 1233.

**{¶ 15}** This case warrants expedited consideration of relators' claim for a writ of mandamus to compel respondents to grant final approval of its road improvement plans and to grant all other approvals and permits necessary for the retail development of the property. Relators have challenged respondents' attempts to prohibit their retail use of the property for over five years, and over a year ago, we reinstated the September 1997 common pleas court judgment they seek to enforce. *Shemo I*, 88 Ohio St.3d 7, 722 N.E.2d 1018. In fact, as relators assert, the city's unconstitutional zoning of their property has allegedly deprived them of the viable economic use of the property for over nine years.

**{¶ 16}** In the interim, relators' prospective primary tenant, Costco, may withdraw and destroy the proposed retail development approved by the court, and respondents have noted that they will provide access for nonemergency vehicles to the property through Maplewood Road only if we order them to do so.

**{¶ 17}** Under these unique circumstances, we grant relators' motion for expedited consideration concerning their first mandamus claim to compel respondents to approve relators' application for approval of the road improvement plans. Their second mandamus claim, to compel appropriation proceedings, however, does not warrant similar expedited treatment. In other words, relators'

arguments supporting expedited treatment of their first claim do not support expedited consideration of their second claim, which ultimately relates to potential damages from respondents' alleged deprivation of the economic viable use of their property since March 1992. We will consider this claim in the normal process. See S.Ct.Prac.R. X(5).

{¶ 18} Therefore, we grant relators' motion for expedited consideration of their motion for a peremptory writ for their first claim and deny the motion as it relates to their second claim.

Motion for Peremptory Writ

{¶ 19} Relators request a peremptory writ of mandamus. If it appears beyond doubt that relators are entitled to the requested extraordinary relief, a peremptory writ should issue. *State ex rel. Stern v. Mascio* (1998), 81 Ohio St.3d 297, 298, 691 N.E.2d 253, 254.

{¶ 20} Relators are entitled to the requested writ. Contrary to respondents' position, as reflected above, we did not modify the common pleas court's September 1997 judgment; instead, we reinstated the judgment. *Shemo I*, 88 Ohio St.3d at 14, 722 N.E.2d at 1025. Under that judgment, which incorporates the site plan and deed restrictions, once the recordation of an easement providing for automobile access to the development from Golden Gate Boulevard and improvements for the Golden Gate Boulevard access are completed, the only limitation on access to the property through Maplewood Road is the prohibition against vehicles weighing over ten thousand pounds. By restricting approval of relators' site plan to *forever* limit Maplewood Road traffic to relators' property to emergency traffic, respondents acted contrary to the common pleas court's September 1997 judgment.

{¶ 21} A writ of mandamus will not be issued if there is a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05; *State ex rel. Wilke v. Hamilton Cty. Bd. of Commrs.* (2000), 90 Ohio St.3d 55, 64, 734 N.E.2d 811, 820.

"In order for an alternative remedy to constitute an adequate remedy at law, it must be complete, beneficial, and speedy." *State ex rel. Natl. Electrical Contractors Assn., Ohio Conference v. Ohio Bur. of Emp. Serv.* (1998), 83 Ohio St.3d 179, 183, 699 N.E.2d 64, 67.

{¶ 22} Respondents have previously contended in *Shemo II* that relators have an adequate remedy by a motion in the common pleas court to enforce that court's September 1997 judgment. And, as respondents noted at that time, in general, "[t]he use of mandamus to enforce a judgment is not popular and widespread because other avenues of enforcement [*e.g.*, motion for contempt] are readily available." *Hunt v. Westlake City School Dist. Bd. of Edn.* (1996), 114 Ohio App.3d 563, 568, 683 N.E.2d 803, 806; see, also, *State ex rel. Bitter v. Missig* (1995), 72 Ohio St.3d 249, 252, 648 N.E.2d 1355, 1357 ("The court that issued the order sought to be enforced is in the best position to determine if that order has been disobeyed").

{¶ 23} Nevertheless, a motion to enforce the common pleas judgment would be inadequate here because respondents erroneously rely on language from our 2000 judgment reinstating the common pleas court judgment and they have specified that they will not abide by the trial court judgment unless we order them to do so. Given the lengthy litigation that this dispute has already engendered, relegating relators to a motion in the trial court and yet another appellate process would not be sufficiently speedy. Even if relators were to prevail on such a motion in the common pleas court, respondents could stay the judgment without posting bond pending its resolution on appeal. See *State ex rel. Ocasek v. Riley* (1978), 54 Ohio St.2d 488, 8 O.O.3d 466, 377 N.E.2d 792.

{¶ 24} It appears beyond doubt that relators do not have an adequate remedy in the ordinary course of law to enforce the trial court's September 1997 judgment. Therefore, relators are entitled to the requested relief on their first claim, and we grant a peremptory writ of mandamus to compel respondents to approve relators'

road improvement plans in connection with the proposed development, including unrestricted access to and from Maplewood Road once the conditions included in the deed restrictions are met, except for vehicles weighing more than ten thousand pounds, and to grant all other approvals and permits necessary for the retail development of the property ordered by the common pleas court's September 2, 1997 judgment.[1]

*Judgment accordingly.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents but would grant an alternative writ as to both claims.

_____

*Kahn, Kleinman, Yanowitz & Arnson Co., L.P.A.*, *Sheldon Berns* and *Benjamin J. Ockner*, for relators.

_____

---

1. This constitutes a judgment entry and a decision on the merits relating to the first claim for purposes of S.Ct.Prac.R. XI. We find that there is no just reason for delay. See Civ.R. 54(B) ("When more than one claim for relief is presented in an action * * *, the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay"); S.Ct.Prac.R. X(2) ("All original actions shall proceed under the Ohio Rules of Civil Procedure, unless clearly inapplicable").