[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 323.]

THE STATE EX REL. CUNNINGHAM, APPELLANT, *v.* AMER CUNNINGHAM CO., L.P.A., APPELLEE.

[Cite as *State ex rel. Cunningham v. Amer Cunningham Co., L.P.A.*, 2002-Ohio-789.]

*Mandamus sought to compel law firm to remove relator's surname from the firm's name after he left firm—Court of appeals' dismissal of complaint affirmed.*

(No. 01-1504—Submitted January 8, 2002—Decided February 27, 2002.)

APPEAL from the Court of Appeals for Summit County, No. 20564.

_____

*Per Curiam.*

{¶ 1} According to appellant, attorney Richard T. Cunningham, in November 1971, he and attorneys Bernard J. Amer and David L. Brennan founded the law firm of Amer Cunningham Brennan Co., L.P.A., using their surnames in the firm name. In 2000, Brennan left the law firm, and the firm name was changed to Amer Cunningham Co., L.P.A. ("Amer Cunningham"), appellee.

{¶ 2} In March 2001, Cunningham left Amer Cunningham and joined the Brouse McDowell law firm. Cunningham requested Amer Cunningham to remove "Cunningham" from its name, but the firm refused.

{¶ 3} In May 2001, Cunningham filed a complaint in the Court of Appeals for Summit County for a writ of mandamus to compel Amer Cunningham to promptly remove "Cunningham" from its name. Cunningham alleged that the law firm was violating Gov.Bar R. III(2)[1] by continuing to use his surname in the firm

_____

1. Gov.Bar R. III(2) provides, "The name of a legal professional association, corporation, legal clinic, limited liability company, or registered partnership shall comply with DR 2-102 of the Code of Professional Responsibility." DR 2-102(B) provides, "A lawyer in private practice shall not

name. After Amer Cunningham filed a motion to dismiss, Cunningham filed a reply in which he asserted that through his mandamus action, he sought "to protect his legal rights in his surname from being appropriated and exploited by [Amer Cunningham] for its own gain."

{¶ 4} In August 2001, the court of appeals granted Amer Cunningham's motion and dismissed the complaint. The court of appeals concluded that dismissal was appropriate because, among other reasons, Cunningham has adequate remedies at law by way of a tort action for an invasion of privacy or an action for declaratory judgment and injunctive relief. The court of appeals also construed Cunningham's request "as one seeking to enjoin [Amer Cunningham] from continuing to engage in the use of the disputed name."

{¶ 5} This cause is now before the court upon Cunningham's appeal as of right.

{¶ 6} Cunningham asserts that the court of appeals erred in granting Amer Cunningham's motion and dismissing his complaint for a writ of mandamus. Dismissal of Cunningham's complaint was appropriate if, after all factual allegations of the complaint were presumed true and all reasonable inferences were made in his favor, it appeared beyond doubt that Cunningham could prove no set of facts warranting the requested extraordinary relief. *State ex rel. Suburban Constr. Co. v. Skok* (1999), 85 Ohio St.3d 645, 646, 710 N.E.2d 710, 711.

{¶ 7} For the following reasons, Cunningham's complaint was properly dismissed. " '[I]f the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction.' " *State ex rel. Phillips v. Lorain Cty. Bd. of Elections* (2001), 93 Ohio St.3d 535, 537, 757 N.E.2d 319, 321-322, quoting *State ex rel.*

practice under * * * a firm name containing names other than those of one or more lawyers in the firm * * *."

*Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 634, 716 N.E.2d 704, 710. In order to determine the real objects of Cunningham's action, we must examine his complaint "to see whether it actually seeks to prevent, rather than to compel, official action." *State ex rel. Stamps v. Montgomery Cty. Automatic Data Processing Bd.* (1989), 42 Ohio St.3d 164, 166, 538 N.E.2d 105, 108.

{¶ 8} Although Cunningham attempted to couch the allegations of his complaint in terms of compelling affirmative duties on the part of Amer Cunningham, *i.e.*, to *remove* his surname from the firm name, it is evident that the true objects of his complaint for a writ of mandamus are a declaratory judgment that Amer Cunningham's retention of his name violates Gov.Bar R. III(2) and DR 2-102 and a prohibitory injunction preventing Amer Cunningham from using his name in its firm name. In fact, even in his argument on appeal, Cunningham notes that his preeminent concern is Amer Cunningham's continued use and exploitation of his surname, which could be remedied by a prohibitory injunction. Therefore, the court of appeals properly dismissed Cunningham's complaint.

{¶ 9} Moreover, Cunningham has adequate alternate legal remedies. A writ of mandamus will not be issued if there is a plain and adequate remedy in the ordinary course of the law. *State ex rel. Shemo v. Mayfield Hts.* (2001), 93 Ohio St.3d 1, 5, 752 N.E.2d 854, 858. " 'In order for an alternative remedy to constitute an adequate remedy at law, it must be complete, beneficial, and speedy.' " *Id.*, quoting *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Serv.* (1998), 83 Ohio St.3d 179, 183, 699 N.E.2d 64, 67.

{¶ 10} As Cunningham himself contends on appeal, through his mandamus action, he "is seeking to protect his common law rights (as illustrated and reflected in the Disciplinary Rules) to control the manner and use of his name and personality." In specifying this purpose, Cunningham cites cases commenced in common pleas courts that involve tort actions, *i.e.*, invasion of privacy. See, *e.g.,*

*Housh v. Peth* (1956), 165 Ohio St. 35, 59 O.O. 60, 133 N.E.2d 340; *Strutner v. Dispatch Printing Co.* (1982), 2 Ohio App.3d 377, 2 OBR 435, 442 N.E.2d 129.

{¶ 11} Cunningham has an adequate remedy at law by an action for invasion of privacy to protect the rights he specifies in his appellate argument. In this regard, Cunningham counters that this action would not make him whole because "[a] monetary award under these circumstances would have to run for as long as [Amer Cunningham] uses and exploits Cunningham's surname." Cunningham's contention ignores the availability of an ancillary prohibitory injunction to prevent the continued use and exploitation of his name by the law firm. See, *e.g., State ex rel. Dewey v. McCullion* (1991), 61 Ohio St.3d 79, 572 N.E.2d 671 (application for stay or injunction pending appeal precluded mandamus action for stay of suspension of operator's license). " 'Where, as here, an action in mandamus does not provide effective relief unless accompanied by an ancillary [preventive] injunction, it would appear that injunction rather than mandamus is the appropriate remedy.' " (Bracketed material *sic*.) State *ex rel. Walker v. Bowling Green* (1994), 69 Ohio St.3d 391, 392, 632 N.E.2d 904, 905, quoting *State ex rel. Corron v. Wisner* (1971), 25 Ohio St.2d 160, 163, 54 O.O.2d 281, 283, 267 N.E.2d 308, 310-311.

{¶ 12} Based on the foregoing, the court of appeals properly dismissed Cunningham's complaint for a writ of mandamus. Therefore, we affirm the judgment of the court of appeals. By so holding, we need not analyze the other reasons given by the court of appeals for dismissing the complaint, *e.g.*, whether Cunningham's action improperly seeks to enforce a private right against a private person and whether the Board of Commissioners on Grievances and Discipline has exclusive jurisdiction over his claim.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

Cook, J., not participating.

———————————

*Brouse McDowell*, *Clair E. Dickinson* and *Jay E. Krasovec*, for appellant.

*Amer Cunningham Co., L.P.A.*, *Jack Morrison, Jr.,* and *Thomas R. Houlihan*, for appellee.

———————————