[Cite as *State ex rel. Wright v. Cuyahoga Cty. Court of Common Pleas*, 2011-Ohio-2159.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 96397

---

STATE OF OHIO, EX REL.
WESLEY WRIGHT

RELATOR

vs.

CUYAHOGA COUNTY COURT OF
COMMON PLEAS, ET AL.

RESPONDENTS

---

JUDGMENT:
WRIT DENIED

---

Writ of Mandamus/Procedendo
Motion No. 442577
Order No. 443758

RELEASE DATE: May 3, 2011

**FOR RELATOR**

Wesley Wright, pro se
Inmate No. 563-038
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio    44901


**ATTORNEYS FOR RESPONDENTS**

William D. Mason
Cuyahoga County Prosecutor

By:    James E. Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113


EILEEN A. GALLAGHER, J.:

**{¶ 1}**  Relator, Wesley Wright, is the defendant in *State v. Wright*, Cuyahoga Cty. Court of Common Pleas Case No. CR-498291, which has been assigned to respondent judge.  Wright contends that the July 19, 2010 resentencing entry (which was filed on July 21, 2010) is void because it does not include "essential information such as Relator's being notified of his right to Appeal * * * ."  Complaint, ¶6 (capitalization in original).  Wright

requests that this court issue relief in mandamus and/or procedendo to compel respondents to issue a "Lawful Sentence." Complaint, ¶11 (capitalization in original).

{¶ 2} Respondents have filed a motion for summary judgment and argue, inter alia, that Wright has not established that he has a clear legal right to the relief requested. We agree. Wright does not provide this court with any controlling legal authority requiring a sentencing court to state in the sentencing entry that the trial court informed a criminal defendant of the right to appeal. That is, Crim.R. 32(C) – specifying the content of a judgment – does not require that the trial court memorialize the Crim.R. 32(B) notification of the right to appeal in the sentencing entry. Compare *State v. Hunter*, Cuyahoga App. No. 92626, 2010-Ohio-657 (failure to inform defendant during resentencing of right to appeal was error). For purposes of this original action, however, this court need not determine whether the respondents erred during Wright's July 2010 resentencing. Rather, *Hunter* demonstrates that Wright had an adequate remedy by way of appeal to challenge the propriety of his resentencing.

{¶ 3} Relator's complaint does not establish that he has a clear legal right to a new sentencing entry or that respondents have a corresponding duty. Likewise, he had an adequate remedy by way of appeal.

**{¶ 4}** Additionally, Loc.App.R. 45(B)(1)(a) requires that a complaint in an original action be verified and supported by an affidavit specifying the details of the claims. Wright's "Verification" states, in part, that "the claims, statements, and allegations made [in the complaint] are true and correct to the best of my knowledge, recollection, and belief." It is well-established that a relator's conclusory statement in an affidavit does not comply with the requirement of Loc.App.R. 45(B)(1)(a) that an affidavit specify the details of the claim. Failure to do so is a basis for denying relief. See, e.g., *State ex rel. Castro v. Corrigan*, Cuyahoga App. No. 96488, 2011-Ohio-1701.

**{¶ 5}** Accordingly, respondents' motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Writ denied.

---

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., J., P.J., and
JAMES J. SWEENEY, J., CONCUR