DeWine, J.
*432 *104 {¶ 1} In this original mandamus action, a group of landowners ("the landowners") seeks an order compelling the Ohio Department of Natural Resources' Division of Oil and Gas Resources Management ("the division") and its chief, Richard Simmers, to commence appropriation proceedings to compensate the landowners for their land that was included in an oil-and-gas drilling unit. The chief issued an order requiring that a reservoir of oil and gas underlying multiple tracts of land be operated as a unit to recover the oil and gas. The landowners object to the order, claiming that it amounted to a taking of their property for which they must be compensated. But before we may consider their takings claim in mandamus, we must first determine that the landowners lacked an adequate remedy at law. Because we conclude that they had an adequate remedy by way of appeal to the Franklin County Court of Common Pleas, we deny their petition for a writ of mandamus.
Background
{¶ 2} Chesapeake Exploration, L.L.C., submitted an application to the division seeking a unitization order under R.C. 1509.28. Aimed at protecting property rights and preventing waste, unitization consolidates the mineral or leasehold interests in oil and gas underlying multiple tracts of land above a common reservoir. See Amoco Prod. Co. v. Heimann , 904 F.2d 1405, 1410-1411 (10th Cir.1990). According to R.C. 1509.28(A), the owner of at least 65 percent of the land above an underground reservoir may apply for a unitization order to "increase substantially the ultimate recovery of oil and gas." Chesapeake sought to aggregate tracts of land to form an approximately 593-acre unit to drill three horizontal wells and hydraulically fracture shale to recover oil and natural gas from an underground pool.
{¶ 3} The unitization order would allow Chesapeake to drill wells that would remove oil and gas from under the landowners' property. The landowners, whose property accounts for 120 acres of the proposed unit, objected to Chesapeake's application. Over the landowners' objection, the chief issued the unitization order and allocated royalty payments and net proceeds from production to the landowners. The landowners appealed the unitization order to the Ohio Oil and Gas Commission ("the commission"), alleging that the order was "unlawful or unreasonable."
*105 Specifically, the landowners argued that Chesapeake had failed to negotiate meaningfully with them for the lease of their property and that the order directs a taking of the landowners' property without compensation in violation of the Ohio and United States Constitutions. The commission dismissed the appeal, concluding that it did not have jurisdiction to determine the constitutionality of the order or of R.C. 1509.28.
{¶ 4} Following the commission's dismissal of their appeal, the landowners filed the instant petition for a writ of mandamus. They again claim that the unitization effects an unconstitutional taking. And they request that we issue a writ of mandamus compelling respondents to commence *433 appropriation proceedings pursuant to R.C. Chapter 163. But we cannot issue a writ of mandamus, because the landowners have not satisfied a requirement for this extraordinary remedy: they have not shown that they lack an adequate remedy at law.
Mandamus Requirements
{¶ 5} To be entitled to a writ of mandamus, the landowners need to show (1) that they have a clear legal right to appropriation proceedings, (2) that respondents have a clear legal duty to commence the proceedings, and (3) that the landowners have no plain and adequate legal remedy. See State ex rel. Berger v. McMonagle , 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983). The absence of an adequate legal remedy goes to the heart of the extraordinary nature of the writ of mandamus. Early in our writ jurisprudence, we recognized that mandamus was not to be used as an alternative to another remedy. Rather, "[t]he writ of mandamus, at common law, was a prerogative writ, introduced to prevent discord from a failure of justice, and to be used on occasions where the law had established no specific remedy." Shelby v. Hoffman , 7 Ohio St. 450, 455 (1857). Put another way, "whatever can be done without the employment of that extraordinary remedy, may not be done with it." Ex parte Rowland , 104 U.S. 604, 617, 26 L.Ed. 861 (1881). Here, a remedy has been established for the landowners-appeal to the Franklin County Common Pleas Court.
Appeals under R.C. Chapter 1509 Provide an Adequate Remedy
{¶ 6} The General Assembly has provided a statutory framework for appealing orders issued under R.C. Chapter 1509. Under R.C. 1509.36, "[a]ny person adversely affected by an order" may appeal to the commission for a review to determine if the order is unreasonable or unlawful. If it is, the commission must vacate the order and make "the order that it finds the chief should have made." Id. The statute further provides that "[t]he order of the commission is final unless vacated by the court of common pleas of Franklin [C]ounty in an appeal as provided for in section 1509.37 of the Revised Code." Id.
*106 {¶ 7} R.C. 1509.37 in turn provides for appeals to the Franklin County Common Pleas Court on "questions of law and fact." Like the commission's review under R.C. 1509.36, the court is to review the order to determine if it was "lawful and reasonable." R.C. 1509.37.
{¶ 8} The landowners appealed the chief's order to the commission under R.C. 1509.36. And following the commission's dismissal of their appeal, they could have appealed to the Franklin County Common Pleas Court. Had the common pleas court determined, as the landowners argued to the commission, that R.C. 1509.28 is unconstitutional because it allows for the taking of property without compensation, the court would have vacated the order. No taking would have occurred. But the landowners did not file an appeal with the common pleas court. They now claim that such an appeal would not have provided them an adequate remedy.
{¶ 9} The time for an appeal to the common pleas court has passed. See R.C. 1509.37 (notice of appeal shall be filed within 30 days after receipt of notice from commission). But the failure of the landowners to timely appeal to the common pleas court does not render the remedy inadequate. "If that were the case, this criterion for a writ of mandamus would be met whenever the opportunity to pursue another adequate remedy expired. Would-be appellants could thwart the appellate process simply by ignoring it."
*434 State ex rel. Cartmell v. Dorrian , 11 Ohio St.3d 177, 178, 464 N.E.2d 556 (1984).
{¶ 10} An adequate remedy at law is one that is "complete, beneficial, and speedy." State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs. , 83 Ohio St.3d 179, 183, 699 N.E.2d 64 (1998). The landowners argue that an appeal under R.C. 1509.37 would have been neither a complete nor a speedy remedy. Neither argument is persuasive.
A complete remedy
{¶ 11} The landowners argue that even if the common pleas court had determined that R.C. 1509.28 is unconstitutional, they would not have been afforded a complete remedy. They point to State ex rel. Arnett v. Winemiller , 80 Ohio St.3d 255, 259, 685 N.E.2d 1219 (1997), in which we concluded that a declaratory-judgment action did not provide complete remedy when "ancillary extraordinary relief in the nature of a mandatory injunction" was also needed. In Arnett , the relators sought an order compelling a clerk to certify a petition to put an ordinance on the ballot. The clerk argued that the relators had an adequate remedy-a declaratory judgment. But we noted that a declaratory judgment alone would not provide a complete remedy. Instead, mandamus was needed to compel the clerk to place the ordinance on the ballot.
{¶ 12} Unlike in Arnett , no further injunctive action would have been required had the landowners succeeded in an appeal to the common pleas court. A finding *107 that R.C. 1509.28 was unconstitutional would have invalidated the chief's order. No taking would have occurred, so there would have been no need for a writ compelling appropriation proceedings.
{¶ 13} Nonetheless, the landowners maintain that an appeal to the common pleas court would be inadequate because R.C. 1509.37 allows only for an appeal on the record, rather than a de novo appeal. It appears that the crux of the landowners' argument on this point is that on the record that was developed thus far, the trial court could not conduct an appropriation hearing and determine compensation. But had the landowners appealed to the common pleas court, the question of the statute's constitutionality would have been put before the court. Contrary to the landowners' assertion, the review would not have been limited to whether the order was "just and reasonable." That is the standard for the chief's initial decision to order unitization. See R.C. 1509.28(A). Instead, the court would have reviewed the order to determine whether it was "lawful and reasonable." R.C. 1509.37. And if the order did not meet constitutional requirements, the court could have invalidated the order as "unlawful." We conclude that the remedy provided by an appeal under R.C. 1509.37 was complete.
A speedy remedy
{¶ 14} The landowners also argue that appeal to the common pleas court was not sufficiently speedy. They note that in State ex rel. Shemo v. Mayfield Hts. , 93 Ohio St.3d 1, 5, 752 N.E.2d 854 (2001), we determined that mandamus was appropriate because the recourse available to the relators in trial court would not be speedy enough. But Shemo's facts are quite different from those in this case. There, after we had issued a decision invalidating zoning restrictions on the relators' land, the city continued to block the relators' development plans. At the time we considered the petition for a writ of mandamus, the city's delay tactics had deprived the relators of the legal use of their property for over nine years. Given the delay, we concluded that an action in the trial court to enforce the judgment would not be sufficiently speedy. Here, the landowners point to no *435 other delays outside those normally attributed to appeals. "Where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law." State ex rel. Willis v. Sheboy , 6 Ohio St.3d 167, 451 N.E.2d 1200 (1983), paragraph one of the syllabus. Moreover, the statute emphasizes speedy resolution. Preference to a hearing under R.C. 1509.37 is to be given "over all other civil cases irrespective of the position of the proceedings on the calendar of the court." *108 Conclusion
{¶ 15} The extraordinary writ of mandamus will not lie when there exists an adequate remedy at law. Here, the landowners had an adequate remedy by way of an appeal to the Franklin County Court of Common Pleas. We therefore deny the writ.
Writ denied.
O'Connor, C.J., and O'Donnell, French, O'Neill, and Fischer, JJ., concur.
Kennedy, J., concurs in judgment only.