[Cite as *State ex rel. E. Cleveland Firefighters Union v. E. Cleveland*, 2020-Ohio-37.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. EAST CLEVELAND    :
FIREFIGHTERS, IAFF LOCAL 500
AFL-CIO, ET AL.                :     No. 109108

      Relators,           :

      v.                    :

CITY OF EAST CLEVELAND, ET AL.,    :

      Respondents.      :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** January 9, 2020

---

Writ of Mandamus
Motion No. 533285
Order No. 534513

---

### *Appearances:*

Ryan J. Lemmerbrock, Muskovitz & Lemmerbrock L.L.C.,
*for relators.*

Willa M. Hemmons, Law Director City of East Cleveland,
*for respondents.*

PATRICIA ANN BLACKMON, J.:

{¶ 1} The East Cleveland Firefighters Union, IAFF Local 500, AFL-CIO and

East Cleveland Firefighters Union, IAFF President Thomas Bluth, hereinafter both

referred to as ("Union"), have filed a complaint for a writ of mandamus. The Union seeks to compel the  city of East Cleveland, East Cleveland Mayor Brandon King, and East Cleveland Finance Director Charles Iyahen, hereinafter all three referred to as ("City"), "to pay the [Union] $103,000 in sanctions, $5,000 in attorney fees, and $14,440.61 thus far accrued in statutory interest — a total of $122,440.61" previously awarded in *E. Cleveland Firefighters v. E. Cleveland*, Cuyahoga C.P. No. CV-16-861942. The City has filed a joint Civ.R. 12(B)(6) motion to dismiss that we grant, albeit for reasons different than those argued by the City.

## I. Facts

{¶ 2}   In April 2016, the Union filed a grievance and for arbitration alleging that the City had violated a collective bargaining agreement by unilaterally understaffing the fire department on each daily shift. On April 15, 2016, the Union filed a complaint in CV-16-861942 for a temporary restraining order, preliminary injunction, and declaratory and injunctive relief. The trial court granted the Union's request for injunctive relief and ordered that the City refrain from violating the terms of the collective bargaining agreement pending arbitration. On April 25, 2016, the trial court granted the Union's motion for a preliminary injunction and further imposed a fine of $750 for each day of the City's failure to comply with the collective bargaining agreement. The City continued its noncompliance with the collective bargaining agreement that resulted in the trial court increasing sanctions to $1,250 per day and attorney fees in the amount of $5,000. In addition, the Union filed a motion to reduce the sanctions imposed upon the City to judgment, which the trial

court granted in the amount of $103,000. The City appealed the contempt finding and monetary judgment of $103,000. In *E. Cleveland Firefighters v. E. Cleveland*, 8th Dist. Cuyahoga No. 104948, 2017-Ohio-1558, this court affirmed the trial court's judgment that reduced the monetary sanctions imposed upon the City in the amount of $103,000.

{¶ 3} In March 2018, the Union once again filed a second motion to reduce the sanctions imposed upon the City to a monetary judgment. On April 5, 2018, the trial court granted the Union's motion and reduced the monetary obligations owed by the City to $248,750. The City appealed the trial court's judgment. In *E. Cleveland Firefighters v. E. Cleveland,* 8th Dist. Cuyahoga No. 107034, 2019-Ohio-534, this court reversed the trial court's April 5, 2018 judgment that reduced sanctions to a monetary judgment of $248,750 on the basis that the trial court failed to conduct a hearing before reducing the sanctions to a monetary judgment. The appeal was remanded to the trial court for further proceedings based upon the failure of the trial court to conduct a hearing prior to reducing sanctions to a monetary judgment.

{¶ 4} On September 9, 2019, the trial court conducted a hearing with regard to the Union's motion to reduce sanctions to a monetary judgment. At the conclusion of the hearing, the trial court entered a monetary judgment against the City in the total amount of $264,744.11, which consisted of the original amount of $248,750 plus interest in the amount of $15,994.11. On September 9, 2019, the City

filed a notice of appeal from the trial court's judgment of September 9, 2019. *See E. Cleveland Firefighters v. E. Cleveland,* 8th Dist. Cuyahoga No. 108982.

## II. Mandamus Requirements and Analysis

{¶ 5} The Union, in order to be entitled to a writ of mandamus, must demonstrate that: (1) the Union possesses a clear legal right to have the City immediately satisfy the $122,440 judgment rendered in Cuyahoga C.P. No. CV-16-861942; (2) the City possesses a clear duty to immediately satisfy the $122,440 monetary judgment rendered in Cuyahoga C.P. No. CV-16-861942; and (3) the Union possesses no plain and adequate remedy in the ordinary course of the law. *State ex rel. Kerns v. Simmers*, 153 Ohio St.3d 103, 2018-Ohio-256, 1010 N.E.3d 430; *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 451 N.E.2d 225 (1983). Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. Mandamus will not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); and *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (8th Dist.1993).

{¶ 6} Upon a review of the complaint for a writ of mandamus, we find that the Union has failed to establish that it possesses a clear legal right to the immediate satisfaction of the $122,440.61 judgment and that the City possesses a clear legal duty to immediately satisfy the $122,440.61 judgment. Of greater importance is that the Supreme Court of Ohio has stated that an action in mandamus is not intended to be used to enforce a judgment. *See State ex rel. Nationwide Mut. Ins. Co. v.*

*Henson,* 96 Ohio St.3d 33, 2002-Ohio-2851, 770 N.E.2d 580; *State ex rel. Shemo v. Mayfield Hts.,* 93 Ohio St.3d 1, 2001-Ohio-1294, 752 N.E.2d 854. "The use of a mandamus to enforce a judgment is not popular and widespread because other avenues of enforcement are readily available." *Hunt v. Westlake City School Dist. Bd. of Edn.,* 114 Ohio App.3d 563, 568, 683 N.E.2d 803 (8th Dist. 1996). A contempt motion, filed in Cuyahoga C.P. No. CV-16-861942, constitutes an adequate remedy in the ordinary course of the law. *State ex rel. GMS Mgmt. Co. v. Vivo,* 7th Dist. Mahoning No. 10-MA-1, 2010-Ohio-4184; *State ex rel. Humbert v. Russo,* 8th Dist. Cuyahoga No. 94065, 2009-Ohio-5706; *State ex rel. Brady v. Russo,* 8th Dist. Cuyahoga No. 89552, 2007-Ohio-33277. The Union possesses or possessed an adequate remedy in the ordinary course of the law through a motion for contempt or an appeal from a denial of a motion for contempt. *State ex rel. Tran v. McGrath,* 78 Ohio St.3d 45, 676 N.E.2d 108 (1997); *State ex rel. Johnson v. Cuyahoga Cty. Court of Common Pleas,* 8th Dist. Cuyahoga No. 104891, 2017-Ohio-394.

**{¶ 7}** Finally, the City has availed itself of an appeal, filed in *E. Cleveland Firefighters v. E. Cleveland,* 8th Dist. Cuyahoga No. 108982, that remains pending. It must also be noted that the amount of the monetary judgment that is owed to the Union is in dispute and the subject of the appeal currently pending in 8th Dist. Cuyahoga No. 108982.

### III. Conclusion

**{¶ 8}** Accordingly, we grant the City's motion to dismiss, albeit for reasons different than those argued within the motion to dismiss. Costs to the Union. The

court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 9} Complaint dismissed.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P. J., and
SEAN C. GALLAGHER, J., CONCUR