[Cite as *State ex rel. Lofton v. Clancy*, 2020-Ohio-4570.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL., JAQUISE LOFTON, :

    Relator, :

                      No. 109830

    v. :

JUDGE MAUREEN CLANCY, :

    Respondent. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DISMISSED
**DATED:** September 18, 2020

---

Writ of Mandamus
Motion No. 540272
Order No. 540906

---

### *Appearances:*

Jaquise Lofton, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Relator, Jaquise Lofton, requests a writ of mandamus directing respondent, Judge Maureen Clancy,[1] to resentence him to properly advise him of his

---

[1] Relator named Judge Timothy E. McMonagle as respondent in his complaint. Pursuant to App.R. 29(C)(1), Judge Maureen Clancy, who currently holds the seat on the

appellate rights. Relator has an adequate remedy in the ordinary course of law. Therefore, respondent's motion to dismiss is granted, and relator's complaint for writ of mandamus is dismissed.

## I. Factual and Procedural History

{¶ 2} According to the complaint filed July 15, 2020, relator was a criminal defendant in three cases, Cuyahoga C.P. No. CR-09-521349-A, CR-09-523781-A, and CR-09-525202-B. In 2010, he entered guilty pleas in these cases and was sentenced. Relator asserts that respondent failed to advise him of his appellate rights pursuant to Crim.R. 32(B)(2)-(B)(3). As a result, relator did not timely appeal from these convictions. Relator asserts that on January 4, 2016, he filed a motion for delayed appeal with this court, which was denied on January 21, 2016. The next action he took to redress this claimed grievance was to file the instant action on July 15, 2020. Relator seeks an order from this court requiring respondent to resentence him to properly inform him of his appellate rights. Respondent filed a motion to dismiss on August 3, 2020. There, she argued that relator was not entitled to relief in mandamus based on the allegations made in the complaint. Relator did not timely oppose the motion to dismiss.

## II. Law and Analysis

{¶ 3} The case is before us on respondent's motion to dismiss. As such, this court must take as admitted all material factual allegations in the complaint, and

common pleas court previously held by Judge McMonagle, was previously substituted as a party pursuant to Civ.R. 25(D).

construe all reasonable inferences in favor of the nonmovant. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). In order to grant the motion and dismiss the complaint, "'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.'" *Id.*, quoting *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242, 242, 327 N.E.2d 753 (1975).

{¶ 4} Mandamus is appropriate when relators show by clear and convincing evidence that (1) that they have a clear legal right to the requested relief, (2) that respondents have a clear legal duty to provide the requested relief, and (3) that they have no plain and adequate legal remedy. *State ex rel. Kerns v. Simmers*, 153 Ohio St.3d 103, 2018-Ohio-256, 101 N.E.3d 430, ¶ 5.

{¶ 5} Lofton claims that he was entitled to an explanation of his appellate rights when he was sentenced in his three criminal cases and that obligation has yet to be fulfilled.

{¶ 6} Crim.R. 32(B)(2) states in part, "After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed." Crim.R. 32(B)(3) goes on to state,

> If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court also shall advise the defendant of all of the following:
>
> (a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

(b) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;

(c) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;

(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

{¶ 7} Relator has alleged that these provisions apply to him. According to this rule of criminal procedure, relator has a clear legal right to an explanation of his appellate rights during sentencing.

{¶ 8} Relator claims he never received such an advisement, but he did not attach portions of the transcript from his sentencing hearing to demonstrate that the trial court failed to inform him of his appellate rights during his sentencing. Relator did attach copies of the sentencing entries from his cases, which did not include any mention of his appellate rights. He claims that an explanation of his appellate rights must appear in the journal entries of sentence, and such a notification was not incorporated into his sentencing entries. He concludes that, as a result, he is required to be resentenced by respondent so that he may be properly informed of his appellate rights. Construing this evidence in relator's favor as we must, this court will assume that relator was not informed of his appellate rights.

{¶ 9} However, relator's claim that he is entitled to a writ of mandamus does not immediately follow. Relator must have no adequate remedy in the ordinary course of law to be entitled to relief in mandamus. *State ex rel Kerns v. Simmers*, 153 Ohio St.3d 103, 2018-Ohio-256, 101 N.E.3d 430, ¶ 5. Relator claims that he has

no adequate remedy because he filed a motion for delayed appeal, and that was denied. Setting aside the fact that a motion for delayed appeal constitutes a remedy that was available to relator, his claims that mandamus is available relies on *State v. Hunter*, 8th Dist. Cuyahoga No. 92626, 2010-Ohio-657.

{¶ 10} In *Hunter*, after finding that a sentence that was imposed on an appellant was void, this court went on to find that the appellant was not properly informed of his appellate rights. *Id.* at ¶ 18. The *Hunter* court stated that the trial court failed to inform Hunter of his appellate rights "under Crim.R. 32, including the right to counsel. Therefore, the appropriate avenue of relief is for the trial court to resentence Hunter advising him of these rights, thus reinstating the time within which he may file a timely notice of appeal on the resentencing." *Id.* at ¶ 22.

{¶ 11} *Hunter* actually demonstrates that relator has an adequate remedy at law. *State ex rel. Wright v. Cuyahoga Cty. Court*, 8th Dist. Cuyahoga No. 96397, 2011-Ohio-2159, ¶ 3 (rejecting a claim premised on *Hunter* similar to the one advanced by relator in the present action).

{¶ 12} Further, the Supreme Court of Ohio has recognized that a motion for resentencing filed with the trial court is a proper means to address the failure of a judge to advise criminal defendants of their appellate rights after the imposition of sentence. *State ex rel. Hill v. Navarre*, Slip Opinion No. 2020-Ohio-4274, ¶ 8. There, the court upheld the decision of the Sixth District Court of Appeals denying a writ of mandamus, stating the relator "could have appealed [the judge's] order

[denying a motion for resentencing] and obtained appellate review of whether he had been properly informed of his appeal rights and of postrelease control * * *." *Id.*

{¶ 13} These other avenues of relief establish that relator has or had an adequate remedy at law. *Accord Wright* at ¶ 3. Whether or not used, an adequate remedy in the ordinary course of law precludes relief in mandamus. *State ex rel. Phelps v. McClelland*, 8th Dist. Cuyahoga No. 108021, 2019-Ohio-2448, ¶ 13, citing *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 676 N.E.2d 108 (1997).

{¶ 14} Accordingly, respondent's motion to dismiss is granted because relator possesses an adequate remedy at law. Relator's request for writ of mandamus is dismissed. Costs to relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 15} Writ dismissed.

_____
FRANK D. CELEBREZZE, JR., JUDGE

ANITA LASTER MAYS, P.J., and
RAYMOND C. HEADEN, J., CONCUR