[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Carroll v. Galion Assisted Living, Ltd.,* Slip Opinion No. 2016-Ohio-8117.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8117

THE STATE EX REL. CARROLL, APPELLANT, *v.* GALION ASSISTED LIVING, LTD.,

ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Carroll v. Galion Assisted Living, Ltd.,* Slip Opinion No. 2016-Ohio-8117.]

*Workers' compensation—Claimant had adequate remedy in ordinary course of law by way of appeal—Court of appeals' judgment denying writ of mandamus affirmed.*

(No. 2015-1879—Submitted August 30, 2016—Decided December 14, 2016.)

APPEAL from the Court of Appeals for Franklin County,

No. 14AP-944, 2015-Ohio-4874.

_____

**Per Curiam.**

{¶ 1} Appellant, Tamara L. Carroll, injured her knee while working. A worker's compensation claim was allowed for a medial meniscus tear of the right knee. Several months later, Joseph Guth, M.D., performed arthroscopic surgery on

Carroll's knee and found no evidence of a meniscus tear. Based on this new evidence, appellee Industrial Commission exercised its continuing jurisdiction and disallowed Carroll's claim.

{¶ 2} Carroll filed a petition in the Court of Common Pleas of Crawford County pursuant to R.C. 4123.512, alleging that she was entitled to participate in the workers' compensation system for her workplace injuries. Carroll also filed a complaint for a writ of mandamus in the Tenth District Court of Appeals, alleging that the commission's decision to deny her claim was an abuse of discretion. The court of appeals denied the writ of mandamus on the basis that Carroll had an adequate remedy at law. 2015-Ohio-4874, ¶ 6.

{¶ 3} This cause is before the court on Carroll's appeal as of right.

{¶ 4} Orders that grant or deny a claimant's right to participate in the workers' compensation system are appealable to a court of common pleas under R.C. 4123.512. *State ex rel. Liposchak v. Indus. Comm.*, 90 Ohio St.3d 276, 278-279, 737 N.E.2d 519 (2000). Here, the commission's order disallowed Carroll's claim and prevented her from further participation in the workers' compensation fund. Thus, Carroll had an adequate remedy by way of appeal under R.C. 4123.512, and she properly exercised her right to appeal when she filed a petition in the common pleas court.

{¶ 5} Consequently, because Carroll had a plain and adequate remedy at law by way of appeal, the court of appeals lacked jurisdiction to issue a writ of mandamus. *State ex rel. Alhamarshah v. Indus. Comm.*, 142 Ohio St.3d 524, 2015-Ohio-1357, 33 N.E.3d 43, ¶ 11. We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Michael J. Muldoon, for appellant.

Michael DeWine, Attorney General, and Eric J. Tarbox, Assistant Attorney General, for appellee Industrial Commission.

Dawson & Myers, L.L.C., and Shane M. Dawson, for appellee Galion Assisted Living, Ltd.

_____