[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Belle Tire Distribs., Inc. v. Indus. Comm.,* **Slip Opinion No. 2018-Ohio-2122.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2122

THE STATE EX REL. BELLE TIRE DISTRIBUTORS, INC., APPELLANT, *v.*

INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Belle Tire Distribs., Inc. v. Indus. Comm.,* **Slip Opinion No. 2018-Ohio-2122.]**

*Workers' compensation—Commission's decision to reconsider denial of claim for benefits was an exercise of its continuing jurisdiction—Whether an error occurred that was sufficient to invoke commission's continuing jurisdiction is a proper subject matter for an action seeking a writ of mandamus.*

(No. 2016-1839—Submitted December 5, 2017—Decided June 5, 2018.)

APPEAL from the Court of Appeals for Franklin County, No. 16AP-92, 2016-Ohio-7869.

_____

**Per Curiam**.

{¶ 1} Appellant, Belle Tire Distributors, Inc., filed a complaint for a writ of mandamus in the Tenth District Court of Appeals challenging appellee Industrial

Commission's determination that it had continuing jurisdiction to reconsider a previous order denying a claim for death benefits because of a clear mistake of fact regarding how the decedent worker died.

{¶ 2} The court of appeals granted a motion to dismiss filed by appellee Judy Melroy on the basis that Belle Tire had a plain and adequate remedy at law—the right to appeal to a court of common pleas pursuant to R.C. 4123.512.

{¶ 3} For the reasons that follow, we reverse the judgment of the court of appeals, and we remand the matter for that court to address the merits of Belle Tire's mandamus claim.

{¶ 4} Herbert Melroy was employed by Belle Tire on November 19, 2014, the day he died. His surviving spouse, Judy Melroy, filed a claim for death benefits with the Bureau of Workers' Compensation. The bureau determined that the decedent's death was not work related and denied the claim.

{¶ 5} Melroy appealed the bureau's denial to the Industrial Commission. A district hearing officer vacated the order and allowed the claim.

{¶ 6} Belle Tire then appealed. A staff hearing officer vacated the district hearing officer's order, finding that Melroy had failed to prove that the decedent's death occurred in the course of and arose out of his employment. The staff hearing officer denied the claim, and the commission refused to hear Melroy's appeal.

{¶ 7} Melroy then asked the commission to reconsider its order. Pursuant to R.C. 4123.52, the commission has continuing jurisdiction over a case and may modify or change its former findings or orders if the commission finds that a change is justified. Continuing jurisdiction is not unlimited; a party seeking to invoke the commission's continuing jurisdiction must show (1) new and changed circumstances, (2) fraud, (3) a clear mistake of fact or law, or (4) an error by an inferior tribunal. *State ex rel. Nicholls v. Indus. Comm*., 81 Ohio St.3d 454, 459, 692 N.E.2d 188 (1998).

2

{¶ 8} The commission concluded that it had continuing jurisdiction to reconsider the staff hearing officer's order because the order had been based on a clear mistake of fact. On reconsideration, the commission allowed the claim for death benefits on its merits.

{¶ 9} Belle Tire filed this mandamus action alleging that the commission abused its discretion when it concluded that the staff hearing officer's order contained a clear mistake of fact that justified exercising continuing jurisdiction. Belle Tire alleged that the commission had a clear legal duty to deny the request for reconsideration and to affirm the staff hearing officer's order denying the claim.

{¶ 10} Belle Tire also appealed the order granting death benefits to the Lucas County Court of Common Pleas, pursuant to R.C. 4123.512. At the request of Belle Tire, the common pleas court stayed that proceeding pending a decision by the Tenth District in the mandamus action.

{¶ 11} Melroy filed a motion to dismiss in the court of appeals pursuant to Civ.R. 12(B). Relying on *State ex rel. Alhamarshah v. Indus. Comm.*, 142 Ohio St.3d 524, 2015-Ohio-1357, 33 N.E.3d 43, and *State ex rel. Johnson v. Ohio State Univ. Cancer Research Hosp.*, 10th Dist. Franklin No. 14AP-430, 2015-Ohio-3249, Melroy argued that Belle Tire had an adequate remedy at law in the form of its R.C. 4123.512 appeal.

{¶ 12} The court of appeals agreed with Melroy's argument and dismissed the action, concluding that the commission's decision to exercise its continuing jurisdiction was appealable to the court of common pleas pursuant to R.C. 4123.512.

{¶ 13} Belle Tire's appeal of the judgment granting Melroy's motion to dismiss is now before this court.

Melroy's Motion to Dismiss this Appeal

{¶ 14} As an initial matter, we address Melroy's motion to dismiss Belle Tire's appeal for lack of jurisdiction. Melroy maintains that Belle Tire has an

adequate remedy at law that it exercised when it filed an appeal in the Lucas County Court of Common Pleas in 2016.

{¶ 15} This court has jurisdiction over this appeal of right from the court of appeals' judgment pursuant to Ohio Constitution, Article IV, Section 2(B)(2)(i). Therefore, dismissal is unwarranted.  We deny Melroy's motion.

Merits of the Appeal

{¶ 16} We review the court of appeals's decision granting Melroy's motion to dismiss the complaint filed below.  That court concluded that Melroy had an adequate remedy at law by way of appeal pursuant to R.C. 4123.512 and dismissed the complaint for failure to state a claim for relief.

{¶ 17} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint."  *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992).  A court may grant a motion to dismiss only when the complaint, when construed in the light most favorable to the plaintiff and presuming all the factual allegations in the complaint are true, demonstrates that the plaintiff can prove no set of facts entitling him to relief.  *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

{¶ 18} In its complaint for a writ of mandamus, Belle Tire challenged the final order of the commission, which adjudicated two issues: whether the commission could exercise its continuing jurisdiction pursuant to R.C. 4123.52 to reconsider a previous order that denied Melroy's claim for death benefits and whether Melroy is entitled to benefits because of the death of her husband.  The commission's decision to exercise continuing jurisdiction is reviewable in mandamus, under an abuse-of-discretion standard, *State ex rel. Saunders v. Metal Container Corp.*, 52 Ohio St.3d 85, 556 N.E.2d 168 (1990), while a decision to allow a claim, which involves the right to participate in the workers' compensation

4

system, is reviewable in an appeal to the court of common pleas pursuant to R.C. 4123.512.

{¶ 19} The question whether a party must file an appeal in common pleas court or file for a writ of mandamus is an often litigated one. It is often difficult to distinguish between appealable right-to-participate orders and other orders that are nonappealable. *State ex rel. Liposchak v. Indus. Comm*., 90 Ohio St.3d 276, 278-279, 737 N.E.2d 519 (2000). The issue is before this court once again—does Belle Tire's complaint state a claim for mandamus relief or does Belle Tire have an adequate remedy at law in the form of an appeal pursuant to R.C. 4123.512?

{¶ 20} Belle Tire argues that R.C. 4123.512 does not afford a remedy to challenge the commission's exercise of continuing jurisdiction and that an appeal under that section is not a plain and adequate remedy at law sufficient to defeat mandamus jurisdiction. According to Belle Tire, an R.C. 4123.512 appeal focuses on a different issue—the right to participate or to continue to participate in the workers' compensation system—and does not afford the challenging party the opportunity to correct the errors committed below when the commission has invoked continuing jurisdiction pursuant to R.C. 4123.52.

{¶ 21} Belle Tire maintains that it should have the opportunity to challenge the commission's exercise of continuing jurisdiction because, in the event that the commission abused its discretion in doing so, the previous order denying the claim would remain in effect—placing the responsibility for filing an appeal on the claimant without the benefit of receiving ongoing compensation payments from the employer throughout the process. Belle Tire asks this court to overrule *Alhamarshah*, the decision on which the court of appeals relied, emphasizing that *Alhamarshah* did not explain why an R.C. 4123.512 appeal provided an adequate remedy in that case. Belle Tire also asks this court to overrule *State ex rel. Carroll v. Galion Assisted Living, Ltd.,* 149 Ohio St.3d 326, 2016-Ohio-8117, 75 N.E.3d 140, which relied on *Alhamarshah*.

**{¶ 22}** In response, Melroy argues that an R.C. 4123.512 appeal is a plain and adequate remedy because it is complete, beneficial, and effective and will give finality by ultimately deciding whether the claim for death benefits should be allowed. According to Melroy, because the right to participate is the ultimate decision being challenged, the court of appeals has no jurisdiction to issue a writ of mandamus when there is an adequate remedy at law through an R.C. 4123.512 appeal. Both the commission and Melroy maintain that *Alhamarshah* and *Carroll* were correctly decided and that those decisions preclude Belle Tire from obtaining relief in mandamus.

**{¶ 23}** To understand the issue in this case, it is important to consider the differences between an R.C. 4123.512 appeal and a mandamus claim challenging a decision of the Industrial Commission.

**{¶ 24}** R.C. 4123.512 authorizes a claimant or an employer to appeal an order of the commission to a court of common pleas when the order grants or denies the right to participate in the workers' compensation system. *Liposchak*, 90 Ohio St.3d at 278-279, 737 N.E.2d 519. This question involves only "whether an employee's injury, disease, or death occurred in the course of and arising out of his or her employment." *Id*. at 279. Once the right to participate for a specific condition is recognized, no subsequent rulings in the proceeding are appealable except one that terminates the right to participate. *White v. Conrad*, 102 Ohio St.3d 125, 2004-Ohio-2148, 807 N.E.2d 327, ¶ 13. In an appeal under R.C. 4123.512, the trial court determines the right-to-participate question de novo. *Ferguson v. State*, 151 Ohio St.3d 265, 2017-Ohio-7844, 87 N.E.3d 1250, ¶ 11.

**{¶ 25}** In contrast, a mandamus action is appropriate when there is a legal basis to compel the commission to perform its clear legal duty to do so under the law, including when the commission has abused its discretion in carrying out its duties. *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 117 Ohio St.3d 480, 2008-Ohio-1593, 884 N.E.2d 1075, ¶ 9. A court issues a writ of mandamus when a relator

6

demonstrates that it has a clear legal right to the relief requested, the commission has a clear legal duty to provide such relief, and there is a lack of an adequate remedy in the ordinary course of the law. *Id*.; *State ex rel. Knapp v. Indus. Comm.*, 134 Ohio St.3d 134, 2012-Ohio-5379, 980 N.E.2d 987, ¶ 12. In a mandamus action, a court reviews the commission's order for abuse of discretion. *State ex rel. Turner Constr. Co. of Ohio v. Indus. Comm.*, 142 Ohio St.3d 310, 2015-Ohio-1202, 29 N.E.3d 969, ¶ 12.

{¶ 26} Thus, the focus of each of these two proceedings differ. An R.C. 4123.512 appeal is a de novo proceeding in which the claimant presents evidence to the court to prove that the employee's injury, disease, or death occurred in the course of employment so that the employee has the right to participate in the workers' compensation fund. Conversely, in a mandamus proceeding, the focus is on the decision of the commission and whether it abused its discretion. In the mandamus action, judges determine whether the commission's decision was proper, while in an R.C. 4123.512 appeal, jurors typically determine questions of fact. Finally, in a mandamus action, the commission is the sole governmental party whose action the court is reviewing, while the Bureau of Workers' Compensation is the sole mandatory governmental party to the R.C. 4123.512 appeal.

{¶ 27} Here, Belle Tire's complaint for a writ of mandamus alleged that the commission abused its discretion when it determined that the staff hearing officer had based the disallowance of the claim for death benefits on a clear mistake of fact. This question does not involve the right to participate but instead involves whether there was a factual mistake sufficient to invoke the continuing-jurisdiction provisions of R.C. 4123.52. This question is a proper subject matter for an action seeking a writ of mandamus. *State ex rel. Saunders v. Metal Container Corp.*, 52 Ohio St.3d 85, 86, 556 N.E.2d 168 (1990).

{¶ 28} Although Melroy and the commission argue that the R.C. 4123.512 appeal would be a plain and adequate remedy and more effective than an action in

mandamus, the continuing-jurisdiction issue is not part of a common pleas court's de novo determination of the factual issues. Because the continuing-jurisdiction issue is properly reviewed in a mandamus action, we apply *Saunders*, reverse the judgment of the court of appeals, and remand the case for further proceedings.

{¶ 29} The court of appeals relied on this court's opinion in *Alhamarshah* as authority to dismiss the action for lack of jurisdiction. In *Alhamarshah*, an employee sought a writ of mandamus after the commission decided that an employer's notice of appeal had substantially complied with statutory requirements; the commission subsequently denied the employee's workers' compensation claim. This court held that the employee had an adequate remedy in the ordinary course of the law by way of appeal. *Alhamarshah*, 142 Ohio St.3d 524, 2015-Ohio-1357, 33 N.E.3d 43, at ¶ 13.

{¶ 30} This court cited *Alhamarshah* in *Carroll*. In *Carroll*, the commission exercised its continuing jurisdiction based on an alleged mistake of fact and vacated the employee's workers' compensation claim. Again, this court found that the employee had an adequate remedy in the ordinary course of the law by way of an appeal. *Carroll*, 149 Ohio St.3d 326, 2016-Ohio-8117, 75 N.E.2d 140, at ¶ 4.

{¶ 31} In those cases, we did not focus on the differences between a mandamus claim and an R.C. 4123.512 appeal and we did not acknowledge our earlier holding in *Saunders*. Instead, we focused on the ultimate right-to-participate question that was the subject of the R.C. 4123.512 appeals in *Alhamarshah* and *Carroll*. To the extent that those decisions failed to give due consideration to the distinct issues in each case that were reviewable in mandamus, we now clarify that *Saunders*, not *Alhamarshah* or *Carroll*, answers whether Belle Tire has an adequate remedy through an R.C. 4123.512 appeal.

{¶ 32} Belle Tire alleged in its complaint that it was challenging the commission's decision to reconsider a previous order. Belle Tire should have the

opportunity to challenge the commission's decision to exercise continuing jurisdiction. Consequently, we conclude that the complaint does state a claim for relief. We reverse the judgment of the court of appeals, and we remand the case for that court to address the merits of Belle Tire's mandamus claim.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and O'DONNELL, FRENCH, and FISCHER, JJ., concur.

DEWINE, J., dissents, with an opinion joined by KENNEDY, J.

DEGENARO, J., not participating.

_____

**DEWINE, J., dissenting.**

{¶ 33} I dissent because this is not a case in which a writ of mandamus is appropriate. The Industrial Commission issued a decision that spoke directly to whether Judy Melroy could participate in the workers' compensation fund. Under our precedent, Belle Tire Distributors, Inc., could challenge that decision by way of an appeal under R.C. 4123.512. Because Belle Tire has an adequate at law by way of an appeal, the court of appeals correctly dismissed the mandamus claim. We should affirm that decision.

*An adequate remedy*

{¶ 34} The question whether a relator has an adequate remedy at law "goes to the heart of the extraordinary nature of the writ of mandamus." *State ex rel. Kerns v. Simmers*, __ Ohio St.3d __, 2018-Ohio-256, __ N.E.3d __, ¶ 5. Mandamus is to be used not as an alternative to other remedies but only "on occasions where the law had established no specific remedy." *Shelby v. Hoffman*, 7 Ohio St. 450, 455 (1857). Thus, "[w]here an appeal is available from an order of the commission, an action in mandamus may not be maintained." *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 42 Ohio St.2d 278, 280, 328 N.E.2d 387 (1975).

**{¶ 35}** Here, we have an Industrial Commission order that was issued on a motion for reconsideration of the commission's decision denying Melroy the right to receive death benefits. In the order, the commission determined (1) that it had continuing jurisdiction to reconsider the disallowance of benefits because the decision was based on a clear mistake of fact and (2) that Melroy was entitled to benefits. The majority splits the order into two parts—the decision to exercise continuing jurisdiction and the award of benefits—and determines that the first part is reviewable in mandamus because it is not appealable under R.C. 4123.512. The majority thereby envisions two parallel avenues for Belle Tire to seek reversal of the commission's order: a mandamus action in the court of appeals challenging the commission's continuing jurisdiction to make the award and a simultaneous action in the common pleas court challenging the award under R.C. 4123.512.

**{¶ 36}** In concluding that the commission's decision to exercise its continuing jurisdiction is not subject to appeal under R.C. 4123.512, the majority discounts our recent decisions on the matter as inapplicable to this case. But our caselaw—even the case relied upon by the majority—compels a result opposite that reached by the majority.

*Appeal of the decision is available under R.C. 4123.512*

**{¶ 37}** Start with the statute. R.C. 4123.512(A) provides for the appeal of an Industrial Commission order made under R.C. 4123.511(E) "in any injury or occupational disease case, other than a decision as to the extent of disability." The statute by its plain terms encompasses the order at issue. But despite the broad language of the statute, we have confined review under the statute to "decisions involving a claimant's right to participate or to continue to participate in the [Workers' Compensation] fund." *Afrates v. Lorain*, 63 Ohio St.3d 22, 584 N.E.2d 1175 (1992), paragraph one of the syllabus (addressing former R.C. 4123.519, renumbered as R.C. 4123.512, effective October 20, 1993. Am.Sub.H.B. No 107, 145 Ohio Laws, Part II, 2990, 3153-3156). Thus, in *Afrates*, this court applied this

rule to determine that the commission's order allowing an employer to file an objection to a decision, even though the time for filing had passed, was not appealable under former R.C. 4123.519, because the question whether the employer had received notice of an earlier order did not involve the claimant's right to participate in the fund. *Id.* at paragraph two of the syllabus; *see State ex rel. Walls v. Indus. Comm.*, 90 Ohio St.3d 192, 736 N.E.2d 458 (2000).

{¶ 38} Here, the commission exercised its continuing jurisdiction because it determined that there was a clear mistake of fact as to the staff hearing officer's finding that Melroy's husband had died "while in the process of beginning" to change a semi-truck tire. The court of appeals concluded that the commission's decision to exercise its continuing jurisdiction was "essential to the ultimate determination that granted [Melroy] the right to participate in the workers' compensation system." 2016-Ohio-7869, ¶ 31. Thus, the court held that Belle Tire had an adequate remedy at law—appeal under R.C. 4123.512. *Id.* at ¶ 32.

{¶ 39} In reaching its conclusion, the court of appeals relied in part on our decision in *State ex rel. Alhamarshah v. Indus. Comm.*, 142 Ohio St.3d 524, 2015-Ohio-1357, 33 N.E.3d 43. There, the commission determined that it had jurisdiction over an employer's appeal because the employer had substantially complied with statutory requirements for filing an administrative appeal with the Bureau of Workers' Compensation. *Id.* at ¶ 6. When the commission disallowed the claim on appeal, the employee petitioned for a writ of mandamus, challenging the commission's exercise of jurisdiction. We concluded that mandamus relief was properly denied because R.C. 4123.512 afforded an adequate remedy. *Id.* at ¶ 13. We reasoned that "the decision allowing the appeal to proceed was essential to the ultimate determination that denied the claimant's participation in the workers' compensation system." *Id.* at ¶ 12.

{¶ 40} Just over a year later, we followed the reasoning of *Alhamarshah* in *State ex rel. Carroll v. Galion Assisted Living, Ltd.*, 149 Ohio St.3d 326, 2016-

Ohio-8117, 75 N.E.3d 140. In *Carroll*, an employee's claim had been initially allowed for a meniscus tear of her knee. Months later, however, a surgeon was able to find no evidence of a tear. Based on the new evidence, the commission exercised its continuing jurisdiction and disallowed the claim. We affirmed the court of appeals' denial of a writ of mandamus because the employee had an adequate remedy by way of appeal under R.C. 4123.512. *Id.* at ¶ 5.

{¶ 41} Faced with our two recent decisions, the majority chooses to cast them aside and concludes that the commission's decision here is not subject to an appeal under R.C. 4213.512. It discounts our decisions in *Alhamarshah* and *Carroll*, reasoning that in those cases, "we did not focus on the differences between a mandamus claim and an R.C. 4123.512 appeal and we did not acknowledge our earlier holding in [*State ex rel. Saunders v. Metal Container Corp.*, 52 Ohio St.3d 85, 556 N.E.2d 168 (1990)]." Majority opinion at ¶ 31. While not overruling the cases, the majority decides that *Saunders*, rather than *Alhamarshah* or *Carroll*, provides the answer to whether Belle Tire has an adequate remedy at law. But the circumstances in *Saunders* differ markedly from those in this case. Moreover, to the extent that *Saunders* states a rule, it does not compel the result announced by the majority.

{¶ 42} In *Saunders*, an employee sought compensation for a back sprain suffered in the course of his employment. The district hearing officer's order, however, listed the injury only as "back." *Saunders* at 85. When the employer sought clarification of the allowed condition, a second hearing officer ordered that the condition described as "back" be deleted and that the prior allowance be clarified to "lumbosacral strain with degenerative joint disease of the lumbar spine." *Id.* at 85-86. The employee petitioned for a writ of mandamus, asserting that the commission did not have jurisdiction to delete "back" from the allowance. *Id.* at 86. The court of appeals allowed the writ. This court affirmed, concluding

12

that the jurisdiction of the commission did not extend to the correction attempted by the commission. *Id.*

{¶ 43} We also addressed whether a writ of mandamus was appropriate:

Appellants also challenge appellee's resort to mandamus, contending that the commission's * * * order could have been appealed under R.C. 4123.519. Appellants, however, misdefine the issue before us. The relevant question here is not one of appellee's right to participate in the State Insurance Fund for a "back" injury but is instead whether a mistake sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52 existed. We find this latter question to be the proper subject matter for a writ of mandamus.

*Id*.

{¶ 44} It's difficult to see how these lines from *Saunders* compel the result put forth by the majority. Rather than contradicting our later decisions in *Alhamarshah* and *Carroll*, *Saunders* presages their reasoning. In *Saunders*, the commission's decision to exercise its continuing jurisdiction did not touch upon whether the employee had a right to participate. Thus, appeal was not available under former R.C. 4123.519 (now R.C. 4123.512). For that reason, the court properly concluded that the appropriate relief was through a mandamus action.

{¶ 45} Contrary to the majority's assertion, *Saunders* does not stand for a different proposition than that followed in *Alhamarshah* and *Carroll*. Appeal under R.C. 4123.512 is available for those decisions essential to the determination of a worker's right to participate in the workers' compensation fund. Applying the same principle here, the commission's determination that there was a mistake of fact about what Melroy's husband was doing when he was killed—a point that goes directly to whether he died in the course of his employment—was inextricably tied

to the question of Melroy's right to participate in the workers' compensation fund. Thus, the decision was appealable under R.C. 4123.512.

*Appeal under R.C. 4123.512 affords an adequate remedy*

**{¶ 46}** Having concluded that Belle Tire has a remedy available under R.C. 4123.512, the only remaining question is whether that remedy is adequate. "An adequate remedy at law is one that is 'complete, beneficial, and speedy.' " *Kerns*, __ Ohio St.3d __, 2018-Ohio-256, __ N.E.3d __, at ¶ 10.

**{¶ 47}** Belle Tire does not argue that appeal under R.C. 4213.512 would not be speedy. It would be hard-pressed to make such an argument in light of R.C. 4123.512(I)'s provision that appeals under the statute "shall be preferred over all other civil actions except election causes, irrespective of position on the calendar." Indeed, Belle Tire's approach—splitting the decision to exercise continuing jurisdiction from the decision regarding a right to participate—would seem to risk delaying final resolution of the issue.

**{¶ 48}** Rather than challenging the timeliness of the remedy, Belle Tire's argument seems to be that an appeal under R.C. 4213.512 would not be beneficial or complete. The company argues that absent an action in mandamus, it will be denied the benefit of having the commission's decision to exercise its continuing jurisdiction reversed. But the aim of Belle Tire's challenge is disallowance of Melroy's claim. That relief is available through an appeal under R.C. 4123.512.

**{¶ 49}** Belle Tire also protests that the common pleas court would be unable to compel the commission to take action because the commission need not be a necessary party in an appeal under the statute. *See* R.C. 4123.512(B). But if Belle Tire is successful in its appeal—even if the commission is not made a party—the order allowing Melroy's claim would be vacated, giving Belle Tire exactly what it is seeking. No further steps or orders from the court would be necessary to give Belle Tire complete relief.

*Conclusion*

**{¶ 50}** Because an appeal under R.C. 4123.512 affords Belle Tire a plain and adequate remedy, it is not entitled to mandamus relief. I would affirm the court of appeals' decision.

KENNEDY, J., concurs in the foregoing opinion.

_____

Licata Law Group and David J. Kovach, for appellant.

Michael DeWine, Attorney General, and Eric J. Tarbox, Assistant Attorney General, for appellee Industrial Commission.

Emil G. Gravelle III and Megan E. Burke, for appellee Judy Melroy.

_____