DeWine, J., dissenting.
{¶ 33} I dissent because this is not a case in which a writ of mandamus is appropriate. The Industrial Commission issued a decision that spoke directly to whether Judy Melroy could participate in the workers' compensation fund. Under our precedent, Belle Tire Distributors, Inc., could challenge that decision by way of an appeal under R.C. 4123.512. Because Belle Tire has an adequate remedy at law by way of an appeal, the court of appeals correctly dismissed the mandamus claim. We should affirm that decision.
An adequate remedy
{¶ 34} The question whether a relator has an adequate remedy at law "goes to the heart of the extraordinary nature of the writ of mandamus." State ex rel. Kerns v. Simmers , 153 Ohio St.3d 103, 2018-Ohio-256, 101 N.E.3d 430, ¶ 5. Mandamus is to be used not as an alternative to other remedies but only "on occasions where the law had established no specific remedy." Shelby v. Hoffman , 7 Ohio St. 450, 455 (1857). Thus, "[w]here an appeal is available from an order of the commission, an action in mandamus may not be maintained." State ex rel. Gen. Motors Corp. v. Indus. Comm. , 42 Ohio St.2d 278, 280, 328 N.E.2d 387 (1975).
{¶ 35} Here, we have an Industrial Commission order that was issued on a motion for reconsideration of the commission's decision denying Melroy the right to receive death benefits. In the order, the commission determined (1) that it had continuing jurisdiction to reconsider the disallowance of benefits because the decision was based on a clear mistake of fact and (2) that Melroy was entitled to benefits. The majority splits the order into two parts-the decision to exercise continuing jurisdiction and the award of benefits-and determines that the first part is reviewable in mandamus because it is not appealable under R.C. 4123.512. The majority thereby envisions two parallel avenues for Belle Tire to seek reversal of the commission's order: a mandamus action in the court of appeals challenging the commission's continuing jurisdiction to make the award and a *495 simultaneous action in the common pleas court challenging the award under R.C. 4123.512.
{¶ 36} In concluding that the commission's decision to exercise its continuing jurisdiction is not subject to appeal under R.C. 4123.512, the majority discounts our recent decisions on the matter as inapplicable to this case. But our caselaw-even the case relied upon by the majority-compels a result opposite that reached by the majority.
*110 Appeal of the decision is available under R.C. 4123.512
{¶ 37} Start with the statute. R.C. 4123.512(A) provides for the appeal of an Industrial Commission order made under R.C. 4123.511(E)"in any injury or occupational disease case, other than a decision as to the extent of disability." The statute by its plain terms encompasses the order at issue. But despite the broad language of the statute, we have confined review under the statute to "decisions involving a claimant's right to participate or to continue to participate in the [Workers' Compensation] fund." Afrates v. Lorain , 63 Ohio St.3d 22, 584 N.E.2d 1175 (1992), paragraph one of the syllabus (addressing former R.C. 4123.519, renumbered as R.C. 4123.512, effective October 20, 1993, Am.Sub.H.B. No 107, 145 Ohio Laws, Part II, 2990, 3153-3156). Thus, in Afrates , this court applied this rule to determine that the commission's order allowing an employer to file an objection to a decision, even though the time for filing had passed, was not appealable under former R.C. 4123.519, because the question whether the employer had received notice of an earlier order did not involve the claimant's right to participate in the fund. Id. at paragraph two of the syllabus; see State ex rel. Walls v. Indus. Comm. , 90 Ohio St.3d 192, 736 N.E.2d 458 (2000).
{¶ 38} Here, the commission exercised its continuing jurisdiction because it determined that there was a clear mistake of fact as to the staff hearing officer's finding that Melroy's husband had died "while in the process of beginning" to change a semi-truck tire. The court of appeals concluded that the commission's decision to exercise its continuing jurisdiction was "essential to the ultimate determination that granted [Melroy] the right to participate in the workers' compensation system." 2016-Ohio-7869, 2016 WL 6906072, ¶ 31. Thus, the court held that Belle Tire had an adequate remedy at law-appeal under R.C. 4123.512. Id. at ¶ 32.
{¶ 39} In reaching its conclusion, the court of appeals relied in part on our decision in State ex rel. Alhamarshah v. Indus. Comm. , 142 Ohio St.3d 524, 2015-Ohio-1357, 33 N.E.3d 43. There, the commission determined that it had jurisdiction over an employer's appeal because the employer had substantially complied with statutory requirements for filing an administrative appeal with the Bureau of Workers' Compensation. Id. at ¶ 6. When the commission disallowed the claim on appeal, the employee petitioned for a writ of mandamus, challenging the *496 commission's exercise of jurisdiction. We concluded that mandamus relief was properly denied because R.C. 4123.512 afforded an adequate remedy. Id. at ¶ 13. We reasoned that "the decision allowing the appeal to proceed was essential to the ultimate determination that denied the claimant's participation in the workers' compensation system." Id. at ¶ 12.
{¶ 40} Just over a year later, we followed the reasoning of Alhamarshah in State ex rel. Carroll v. Galion Assisted Living, Ltd. , 149 Ohio St.3d 326, 2016-Ohio-8117, 75 N.E.3d 140. In Carroll , an employee's claim had been initially allowed for a meniscus tear of her knee. Months later, however, a surgeon was able to find no evidence of a tear. Based on the new evidence, the commission exercised its continuing jurisdiction and disallowed the claim. We affirmed the court of appeals' denial of a writ of mandamus because the employee had an adequate remedy by way of appeal under R.C. 4123.512. Id. at ¶ 5.
{¶ 41} Faced with our two recent decisions, the majority chooses to cast them aside and concludes that the commission's decision here is not subject to an appeal under R.C. 4213.512. It discounts our decisions *111 in Alhamarshah and Carroll , reasoning that in those cases, "we did not focus on the differences between a mandamus claim and an R.C. 4123.512 appeal and we did not acknowledge our earlier holding in [ State ex rel. Saunders v. Metal Container Corp. , 52 Ohio St.3d 85, 556 N.E.2d 168 (1990) ]." Majority opinion at ¶ 31. While not overruling the cases, the majority decides that Saunders , rather than Alhamarshah or Carroll , provides the answer to whether Belle Tire has an adequate remedy at law. But the circumstances in Saunders differ markedly from those in this case. Moreover, to the extent that Saunders states a rule, it does not compel the result announced by the majority.
{¶ 42} In Saunders , an employee sought compensation for a back sprain suffered in the course of his employment. The district hearing officer's order, however, listed the injury only as "back." Saunders at 85, 556 N.E.2d 168. When the employer sought clarification of the allowed condition, a second hearing officer ordered that the condition described as "back" be deleted and that the prior allowance be clarified to "lumbosacral strain with degenerative joint disease of the lumbar spine." Id. at 85-86, 556 N.E.2d 168. The employee petitioned for a writ of mandamus, asserting that the commission did not have jurisdiction to delete "back" from the allowance. Id. at 86, 556 N.E.2d 168. The court of appeals allowed the writ. This court affirmed, concluding that the jurisdiction of the commission did not extend to the correction attempted by the commission. Id.
{¶ 43} We also addressed whether a writ of mandamus was appropriate:
Appellants also challenge appellee's resort to mandamus, contending that the commission's * * * order could have been appealed under *497 R.C. 4123.519. Appellants, however, misdefine the issue before us. The relevant question here is not one of appellee's right to participate in the State Insurance Fund for a "back" injury but is instead whether a mistake sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52 existed. We find this latter question to be the proper subject matter for a writ of mandamus.
Id.
{¶ 44} It's difficult to see how these lines from Saunders compel the result put forth by the majority. Rather than contradicting our later decisions in Alhamarshah and Carroll , Saunders presages their reasoning. In Saunders , the commission's decision to exercise its continuing jurisdiction did not touch upon whether the employee had a right to participate. Thus, appeal was not available under former R.C. 4123.519 (now R.C. 4123.512 ). For that reason, the court properly concluded that the appropriate relief was through a mandamus action.
{¶ 45} Contrary to the majority's assertion, Saunders does not stand for a different proposition than that followed in Alhamarshah and Carroll . An appeal under R.C. 4123.512 is available for those decisions essential to the determination of a worker's right to participate in the workers' compensation fund. Applying the same principle here, the commission's determination that there was a mistake of fact about what Melroy's husband was doing when he was killed-a point that goes directly to whether he died in the course of his employment-was inextricably tied to the question of Melroy's right to participate in the workers' compensation fund. Thus, the decision was appealable under R.C. 4123.512.
*112 Appeal under R.C. 4123.512 affords an adequate remedy
{¶ 46} Having concluded that Belle Tire has a remedy available under R.C. 4123.512, the only remaining question is whether that remedy is adequate. "An adequate remedy at law is one that is 'complete, beneficial, and speedy.' " Kerns , 153 Ohio St.3d 103, 2018-Ohio-256, 101 N.E.3d 430, at ¶ 10 quoting State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Bur. of Emp. Servs. , 83 Ohio St.3d 179, 183, 699 N.E.2d 64 (1998).
{¶ 47} Belle Tire does not argue that appeal under R.C. 4213.512 would not be speedy. It would be hard-pressed to make such an argument in light of R.C. 4123.512(I)'s provision that appeals under the statute "shall be preferred over all other civil actions except election causes, irrespective of position on the calendar." Indeed, Belle Tire's approach-splitting the decision to exercise continuing jurisdiction from the decision regarding a right to participate-would seem to risk delaying final resolution of the issue.
*498 {¶ 48} Rather than challenging the timeliness of the remedy, Belle Tire's argument seems to be that an appeal under R.C. 4213.512 would not be beneficial or complete. The company argues that absent an action in mandamus, it will be denied the benefit of having the commission's decision to exercise its continuing jurisdiction reversed. But the aim of Belle Tire's challenge is disallowance of Melroy's claim. That relief is available through an appeal under R.C. 4123.512.
{¶ 49} Belle Tire also protests that the common pleas court would be unable to compel the commission to take action because the commission need not be a necessary party in an appeal under the statute. See R.C. 4123.512(B). But if Belle Tire is successful in its appeal-even if the commission is not made a party-the order allowing Melroy's claim would be vacated, giving Belle Tire exactly what it is seeking. No further steps or orders from the court would be necessary to give Belle Tire complete relief.
Conclusion
{¶ 50} Because an appeal under R.C. 4123.512 affords Belle Tire a plain and adequate remedy, it is not entitled to mandamus relief. I would affirm the court of appeals' decision.
Kennedy, J., concurs in the foregoing opinion.