[Cite as *State ex rel. Cottrell v. Indus. Comm.*, 2019-Ohio-2832.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Michael C. Cottrell, (Through Dependent, Brooks J. Cottrell), | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No. 18AP-66 |
| | : | |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on July 11, 2019

**On brief:** *Steven G. Thomakos,* for relator. **Argued:** *Steven G. Thomakos.*

**On brief:** *Dave Yost,* Attorney General, and *Sherry M. Phillips,* for respondent Industrial Commission of Ohio. **Argued:** *Sherry M. Phillips.*

**On brief:** *Dave Yost,* Attorney General, and *Patsy A. Thomas,* for respondent Ohio Bureau of Workers' Compensation. **Argued:** *Natalie J. Tackett.*

IN MANDAMUS
ON RESPONDENTS' MOTIONS TO DISMISS AND
ON OBJECTIONS TO MAGISTRATE'S DECISION

BEATTY BLUNT, J.

{¶ 1} Relator, Brooks J. Cottrell, filed this original action requesting a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to find that a C-86 motion, filed May 4, 2015, was timely filed. Relator further requests that we

issue a writ ordering the commission to process the motion and award him "total loss of use" compensation.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Because this matter is before the court on two motions to dismiss, we consider the following facts, as plead in the complaint, as true.

{¶ 3} On May 12, 2014, relator's father ("decedent") was involved in a workplace accident when he was welding on top of an oil field storage tank and the tank exploded. He died shortly thereafter. A physician opined that decedent suffered a pre-mortal injury that resulted in the total loss of use of both of his legs.

{¶ 4} Relator was decedent's only biological child. He was three years old at the time of decedent's death. Decedent and relator's mother were not married, and relator has always been in his mother's custody.

{¶ 5} On July 3, 2014, the Ohio Bureau of Workers' Compensation ("Ohio BWC") declared relator a dependent of decedent and allowed his claim for death benefits.

{¶ 6} On April 17, 2015, the Ohio BWC declared decedent's mother, relator's grandmother ("grandmother"), a prospective dependent.

{¶ 7} On May 4, 2015, grandmother filed a C-86 motion requesting that the Ohio BWC "allow the claim for loss of use of bilateral lower extremities and pay loss of use award." (Compl. at ¶ 9.)

{¶ 8} On June 30, 2015, the district hearing officer ("DHO") determined that grandmother was not a dependent pursuant to R.C. 4123.59.

{¶ 9} The staff hearing officer ("SHO"), by decision dated August 12, 2015, agreed that relator's grandmother failed to prove that she was decedent's dependent.

{¶ 10} On January 9, 2016, the commission dismissed grandmother's May 4, 2015 motion.

{¶ 11} On May 2, 2016, relator, through counsel, filed his own C-86 motion and requested that the commission exercise its continuing jurisdiction and reconsider its dismissal of grandmother's May 4, 2015 motion. The commission dismissed this motion, finding that it lacked jurisdiction to re-address grandmother's original motion.

{¶ 12} On May 12, 2017, relator filed a motion requesting that the commission exercise its continuing jurisdiction and reconsider grandmother's May 4, 2015 C-86 motion

as it applied to relator. Relator argued that he should be allowed to be substituted in for grandmother, who filed a timely motion when she was considered a prospective dependent.

{¶ 13} On October 2, 2017, the SHO denied relator's request for reconsideration. The SHO determined that there is no legal authority to allow relator to substitute in for grandmother after her motion was dismissed. The SHO also found that relator failed to present persuasive evidence to support his request that the commission exercise its continuing jurisdiction.

{¶ 14} Relator filed the instant mandamus action. In addition to requesting that we issue a writ, as described above, relator avers in his complaint that "new and changed circumstances" allow the commission to exercise its continuing jurisdiction, namely circumstances surrounding grandmother's status as a prospective dependent. (Compl. at ¶ 16.)

{¶ 15} Both the commission and the Ohio BWC filed motions to dismiss, pursuant to Civ.R. 12(B)(6), arguing that relator cannot show (1) a clear legal right to the loss of use award, (2) a clear legal duty for the BWC to grant such an award, and (3) a lack of adequate remedy in the ordinary course of law.

{¶ 16} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who considered the motions to dismiss. The magistrate issued a decision, appended hereto, recommending that the complaint be dismissed because relator did not file a timely C-86 motion and cannot be substituted in place of grandmother for the purposes of her timely C-86 motion.

{¶ 17} Relator has filed objections to the magistrate's decision. Relator contends that the language in R.C. 4123.60, which allows the commission to consider an application for loss of use compensation "for the benefit of all the dependents," allows grandmother's motion to apply to him. Relator further argues that the relevant statute is silent regarding how such an application must be made when there is a minor dependent and a "prospective dependent." Accordingly, relator contends that the Ohio BWC administrator must consider grandmother's timely motion as to any proper dependents even though the commission ultimately determined that she is not a dependent.

{¶ 18} We now independently review the record and the magistrate's decision to determine whether the magistrate "appropriately applied the law." Civ.R. 53(D)(4)(d).

No. 18AP-66

## II. LAW & ANALYSIS

{¶ 19} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992); *see also State ex rel. Belle Tire Distribs., Inc. v. Indus. Comm.*, 154 Ohio St.3d 488, 490, 2018-Ohio-2122, ¶ 17. A court may grant a motion to dismiss only when the complaint, when construed in the light most favorable to relator and presuming all the factual allegations in the complaint are true, demonstrates that the relator can prove no set of facts entitling him to relief. *Belle Tire Distribs.* at ¶ 17, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).

{¶ 20} "Pursuant to R.C. 4123.52, the commission has continuing jurisdiction over a case and may modify or change its former findings or orders if the commission finds that a change is justified." *Belle Tire Distribs.* at ¶ 7. But "[c]ontinuing jurisdiction is not unlimited; a party seeking to invoke the commission's continuing jurisdiction must show (1) new and changed circumstances, (2) fraud, (3) a clear mistake of fact or law, or (4) an error by an inferior tribunal." *Id.*, citing *State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454, 459 (1998).

{¶ 21} "The commission's decision to exercise continuing jurisdiction is reviewable in mandamus, under an abuse-of-discretion standard." *Id.* at ¶ 18, citing *State ex rel. Saunders v. Metal Container Corp.*, 52 Ohio St.3d 85 (1990).

{¶ 22} Relator asserts in his complaint that new and changed circumstances, namely grandmother's initial status as a prospective dependent, provides a basis for the commission to exercise continuing jurisdiction here. But relator did not show that there has been any change in circumstances. When relator's grandmother filed the motion, she was deemed a prospective dependent. When the motion was denied, the commission determined that she was not a dependent. Relator had not filed his own motion yet, so the commission's determination had no impact on relator's motion. Grandmother's classification as a prospective dependent—and the later determination that she was not a dependent—had no impact on whether relator was a dependent. There was nothing to stop relator from filing his own C-86 motion; it was not dependent upon grandmother's motion. Grandmother's motion did not purport to be filed on relator's behalf. Nothing has happened since the denial of either of the parties' original motions that affects the

classification of either relator or grandmother as a dependent. Accordingly, the commission did not abuse its discretion in failing to exercise continuing jurisdiction due to "new and changed circumstances" because there were no new and changed circumstances. *See* R.C. 4123.52.

{¶ 23} The majority of the parties' briefs on the motions to dismiss and on the objections to the magistrate's decision focus on the commission's legal determinations. A clear mistake in the law would also provide a basis for the commission to exercise continuing jurisdiction. *See* R.C. 4123.52.

{¶ 24} R.C. 4123.60 addresses when a dependent is eligible to assert a decedent's rights under the workers' compensation statutes after the decedent's death. It provides:

> Benefits in case of death shall be paid to such one or more of the dependents of the decedent, for the benefit of all the dependents as the administrator of workers' compensation determines. The administrator may apportion the benefits among the dependents in such manner as he deems just and equitable. Payment to a dependent subsequent in right may be made, if the administrator deems it proper, and operates to discharge all other claims therefor. The dependents or person to whom benefits are paid shall apply the same to the use of the several beneficiaries thereof according to their respective claims upon the decedent for support, in compliance with the finding and direction of the administrator.
>
> In all cases of death where the dependents are a surviving spouse and one or more children, it is sufficient for the surviving spouse to apply to the administrator on behalf of the spouse and minor children. *In cases where all the dependents are minors, a guardian or next friend of such minor dependents shall apply.*
>
> * * * If the decedent would have been lawfully entitled to have applied for an award at the time of his death the administrator may, after satisfactory proof to warrant an award and payment, award and pay an amount, not exceeding the compensation which the decedent might have received, but for his death, for the period prior to the date of his death, to such of the dependents of the decedent, or for services rendered on account of the last illness or death of such decedent, as the administrator determines in accordance with the circumstances in each such case, *but such payments may be made only in cases in which application for compensation was*

> *made in the manner required by this chapter*, during the lifetime of such injured or disabled person, or *within one year after the death of such injured or disabled person.*

(Emphasis added.) R.C. 4123.60. Under this statute, the decedent's dependent was required to apply for compensation for the decedent's loss of use claim within one year of the decedent's death.

{¶ 25} Relator requests that this court issue a writ ordering the commission to find that the May 4, 2015 C-86 motion be deemed timely filed. But there is no dispute that the May 4, 2015 motion was filed within the one-year deadline in R.C. 4123.60. The commission has never found that motion to be untimely. Nonetheless, it was relator's grandmother who filed the May 4, 2015 motion. Relator did not file his motion until May 2, 2016. Relator's motion was nearly one year too late to meet the statutory deadline. He waited over ten months after the DHO determined that grandmother was not a dependent; approximately nine months after the SHO agreed with that determination; and nearly four months after the commission dismissed grandmother's motion.

{¶ 26} Knowing that his own motion was untimely, relator seeks to be substituted in the place of grandmother. Relator requests that we order the commission to process grandmother's motion, apply it to him, and award him loss of use benefits.

{¶ 27} There is no provision in law that allows the commission to do what relator requests. R.C. 4123.60 provides the circumstances under which a decedent's dependents can seek benefits to which the decedent would be entitled. "In cases where all the dependents are minors, a guardian or next friend of such minor dependents shall apply." R.C. 4123.60. Although relator contends that this provision does not apply to him because grandmother was temporarily considered a prospective dependent, the designation of "prospective dependent" does not confer any legal rights upon grandmother under R.C. 4123.60. Plainly, relator, a minor, is decedent's only dependent. Therefore, his guardian or next friend was required to apply for loss of use benefits on his behalf within one year after decedent's death. There has never been any argument that relator's grandmother has even been relator's guardian or next friend.

{¶ 28} Relator contends that R.C. 4123.60 allows the commission to consider an application for loss of use compensation "for the benefit of all the dependents," such that

grandmother's motion can apply to him. That provision, however, addresses how and to whom benefits will be "paid." It presumes and is limited by the provision that specifies who can apply for benefits. R.C. 4123.60 also provides that benefit "payments may be made only in cases in which application for compensation was made in the manner required by this chapter." As stated, application must have been made by relator's guardian within one year of decedent's death under the statute. That did not happen. Nothing in the statute or in the language relator cites allows the commission to subvert the statutory requirements in order to consider grandmother's dismissed motion as filed for relator's benefit. Because the commission did not make a clear mistake of law, it did not abuse its discretion in failing to exercise its continuing jurisdiction to reconsider grandmother's May 4, 2015 C-86 motion.

## III.  CONCLUSION

{¶ 29} Because the statute does not allow the commission to provide the relief relator requests, we overrule relator's objections to the magistrate's decision. We adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. Relator's complaint is dismissed.

*Objections overruled; case dismissed.*

KLATT, P.J., and SADLER, J., concur.

No. 18AP-66

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

The State ex rel. Michael C. Cottrell,      :

                                    :

       Relator,                 :

v.                                    :             No.  18AP-66

                                    :

Industrial Commission of Ohio et al.,      :       (REGULAR CALENDAR)

       Respondents.         :

                                    :

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 21, 2018

*Steven G. Thomakos,* for relator.

*Michael DeWine,* Attorney General, and *Sherry M. Phillips,* for respondent Industrial Commission of Ohio.

*Michael DeWine,* Attorney General, and *Patsy A. Thomas,* for respondent Ohio Bureau of Workers' Compensation.

IN MANDAMUS
ON RESPONDENTS' MOTIONS TO DISMISS

{¶ 30} Relator, Brooks J. Cottrell, has filed this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio

("commission") to find that the loss of use application he filed following the death of his father, Michael C. Cottrell ("decedent"), was timely filed, and ordering the commission to process the application.

Findings of Fact:

{¶ 31} 1. The decedent was an employee of Sutton Pump and Symbol Supply, Inc. on May 12, 2014 when he was injured in an explosion. Decedent died a few hours later.

{¶ 32} 2. On July 3, 2014, a death claim was allowed with decedent's son, relator herein, as the sole dependent.

{¶ 33} 3. On April 17, 2015, the administrator for the Ohio Bureau of Workers' Compensation ("BWC") named decedent's mother, Maretta Cottrell ("Maretta") as a prospective dependent.

{¶ 34} 4. On May 4, 2015, Maretta filed a C-86 motion requesting a loss of use award and submitted medical evidence indicating that decedent suffered a total loss of use of his bilateral lower extremities before he died.

{¶ 35} 5. Following a hearing before a district hearing officer ("DHO") on June 30, 2015, it was determined that Maretta was not a dependent, either wholly, partially, or prospectively. This order was administratively affirmed.

{¶ 36} 6. Because Maretta was found not to be a dependent, an exparte order issued dismissing her C-86 motion regarding a scheduled loss award on January 9, 2016.

{¶ 37} 7. On May 2, 2016, relator, through counsel, filed a C-86 motion requesting the commission exercise its continuing jurisdiction to reconsider the loss of use motion which had been filed by Maretta and dismissed after it was determined that she was not a dependent.

{¶ 38} 8. Relator also filed a motion asking the commission to re-activate the loss of use motion filed by Maretta.

{¶ 39} 9. A hearing was held before a staff hearing officer ("SHO") on October 2, 2017. The SHO determined that relator could not be substituted for Maretta because her motion had already been dismissed. Further, the commission denied relator's request to exercise its continuing jurisdiction finding that relator failed to present sufficient persuasive evidence to support the request. Specifically, the SHO order provides:

Counsel for Brooks Cottrell has now filed another motion on 05/12/2017 requesting that the Industrial Commission reconsider its 04/28/2018 ex parte order. At hearing, the decedent's representative argued that the sole surviving dependent should be substituted as the moving party under the 05/04/2015 C-86 motion filed by the decedent's mother. The theory advanced by counsel is that the decedent's mother was considered to be a dependent at the time she filed the motion for a scheduled loss award. Although she was subsequently found not to be a dependent and therefore not a party to the claim, her filing of the motion should allow the remaining sole dependent to stand in her place and pursue a scheduled loss award under the timely motion filed by the decedent's mother.

However, no statute, case law, or other legal authority has been cited to allow substitution of Brooks Cottrell for Maretta Cottrell under a motion that has already been dismissed by the Industrial Commission. In addition, the District Hearing Officer finds that Brooks Cottrell had already been found to be a dependent in this claim long before the expiration of the statute of limitations for an accrued scheduled loss award. No explanation has been offered regarding why Brooks Cottrell could not have filed his own motion for a scheduled loss award at any point prior to the expiration of the statute of limitations. The District Hearing Officer find that Brooks Cottrell could have filed such a motion on his own independent of the motion filed by the decedent's mother, whose alleged status as a dependent was being disputed.

As the sole remaining dependent, Brooks Cottrell, has not presented sufficient persuasive evidence in support of his request that the Industrial Commission exercise its continuing jurisdiction under Ohio Revised Code 4123.52, the Staff Hearing Officer orders that the request to reconsider the District Hearing Officer's ex parte order issued 04/28/2017 is denied.

All evidence was reviewed and considered.

{¶ 40} 10. Thereafter, relator filed this mandamus action.

{¶ 41} 11. Respondents, the commission and BWC, filed motions to dismiss and relator has filed a memorandum opposing the same.

{¶ 42} 12. The matter is currently before the magistrate on the motions to dismiss and the response thereto.

Conclusions of Law:

{¶ 43} The commission and the BWC both argue that relator's motion seeking a scheduled loss of use award resulting from the death of decedent was not timely filed and there is no legal mechanism whereby relator can be substituted for decedent's mother or that the claim can be reactivated on relator's behalf.

{¶ 44} Relator argues that, because the workers' compensation laws are to be liberally construed, this court should find the commission's determination that decedent's mother was not a dependent constituted new and changed circumstances requiring the commission to substitute relator in her place.

{¶ 45} Because the magistrate finds no statutory or case law that would support relator's argument, this court should grant the motions to dismiss.

{¶ 46} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 47} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

{¶ 48} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975). As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B+)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him

to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). For the following reasons, respondents' motions should be granted and relator's complaint should be dismissed.

{¶ 49} R.C. 4123.57 provides, in pertinent part:

> Partial disability compensation shall be paid as follows.
>
> Except as provided in this section, not earlier than twenty-six weeks after the date of termination of the latest period of payments under section 4123.56 of the Revised Code, or not earlier than twenty-six weeks after the date of the injury or contraction of an occupational disease in the absence of payments under section 4123.56 of the Revised Code, the employee may file an application with the bureau of workers' compensation for the determination of the percentage of the employee's permanent partial disability resulting from an injury or occupational disease.
>
> In addition, R.C. 4123.60 provides, in pertinent part:
>
> If the decedent would have been lawfully entitled to have applied for an award at the time of his death the administrator may, after satisfactory proof to warrant an award and payment, award and pay an amount, not exceeding the compensation which the decedent might have received, but for his death, * * * but such payments may be made only in cases in which application for compensation was made in the manner required by this chapter, during the lifetime of such injured or disabled person, or within one year after the death of such injured or disabled person.

{¶ 50} Maretta filed a timely application for a scheduled loss of use award concerning decedent's loss of use of his lower bilateral extremities. This application was filed on her own behalf, and not on behalf of herself and other dependents. When she was found not to be a dependent, her application was dismissed. Relator does not argue that dismissal of Maretta's application was improper.

{¶ 51} Relator filed an application for scheduled loss of use award after the one-year statute of limitations had expired. Relator's application was not filed timely. As such, the commission did not process the application. Relator acknowledges that his application was not timely filed.

No. 18AP-66

{¶ 52} Relator argues that, because R.C. 4123.60 provides that benefits shall be paid to one or more of the dependents of the decedent, for the benefit of all the dependents, that Maretta's application was the only application that needed to be filed. In essence, relator argues that decedent's mother filed her application on her behalf and on behalf of any and all dependents despite the fact that her application did not make any such assertion. Relator also argues that, because it is sufficient if a surviving spouse files an application on their own behalf it benefits the minor children, the application of a grandmother should have the same effect.

{¶ 53} R.C. 4123.60 simply does not say what relator wants it to say. The decedent's mother did not include the relator in her application, although, presumably, she could have, and no one filed an application on relator's behalf. There simply is no case law to which relator can point which allows him to step into the shoes of decedent's mother.

{¶ 54} Pursuant to R.C. 4123.52, "[t]he jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." In *State ex rel. B & C Machine Co. v. Indus. Comm.*, 65 Ohio St.3d 538, 541-42 (1992), the court examined the judicially-carved circumstances under which continuing jurisdiction may be exercised, and stated as follows:

> R.C. 4123.52 contains a broad grant of authority. However, we are aware that the commission's continuing jurisdiction is not unlimited. See, *e.g., State ex rel. Gatlin v. Yellow Freight System, Inc.* (1985), 18 Ohio St.3d 246, 18 OBR 302, 480 N.E.2d 487 (commission has inherent power to reconsider its order for a reasonable period of time absent statutory or administrative restrictions); *State ex rel. Cuyahoga Hts. Bd. of Edn. v. Johnston* (1979), 58 Ohio St.2d 132, 12 O.O.3d 128, 388 N.E.2d 1383 (just cause for modification of a prior order includes new and changed conditions); *State ex rel. Weimer v. Indus. Comm.* (1980), 62 Ohio St.2d 159, 16 O.O.3d 174, 404 N.E.2d 149 (continuing jurisdiction exists when prior order is clearly a mistake of fact); *State ex rel. Kilgore v. Indus. Comm.* (1930), 123 Ohio St. 164, 9 Ohio Law Abs. 62, 174 N.E. 345 (commission has continuing jurisdiction in cases involving fraud); *State ex rel. Manns v. Indus. Comm.* (1988), 39 Ohio

> St.3d 188, 529 N.E.2d 1379 (an error by an inferior tribunal is a sufficient reason to invoke continuing jurisdiction); and *State ex rel. Saunders v. Metal Container Corp.* (1990), 52 Ohio St.3d 85, 86, 556 N.E.2d 168, 170 (mistake must be "sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52"). Today, we expand the list set forth above and hold that the Industrial Commission has the authority pursuant to R.C. 4123.52 to modify a prior order that is clearly a mistake of law.

*Id.* at 541.

{¶ 55} Relator also argues that the determination that decedent's mother was not a dependent constitutes new and changed circumstances warranting the commission to exercise its continuing jurisdiction and reactivate the application. Although he was found to be a dependent, relator took no steps to file a motion, or join in Maretta's motion even though her dependency was at issue. There simply is no statutory authority nor is there any case law which supports the conclusion that relator asks this court to reach today. Relator has not shown and cannot show that the commission abused its discretion. As such, it is this magistrate's decision that this court should grant the commission's motion and dismiss relator's mandamus complaint.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).